612 P.2d 135

**Ralph F. RUTTER, Plaintiff-Appellant,**

v.

**James D. McLAUGHLIN and Willa K. McLaughlin, Defendants-Respondents.**

No. 13339.

Supreme Court of Idaho.

May 23, 1980.

Rehearing Denied July 8, 1980.

E. Lee Schlender of Schlender & Donovan, Ketchum, for plaintiff-appellant.

Terry G. Hogue of Campion & Hogue, Ketchum, for defendants-respondents.

BAKES, Justice.

Plaintiff appellant Ralph F. Rutter agreed, for a specified price, to construct a house for defendant respondents James D. McLaughlin and Willa K. McLaughlin. Rutter and the McLaughlins entered into a written construction contract using a standard form agreement drafted by the American Institute of Architects (AIA). The standard form AIA contract utilized by the parties was designed to allow incorporation of a number of other documents and provided, in Article 16, for enumeration of any additional documents intended to be incorporated into the contract. When a dispute arose between Rutter and the McLaughlins over their respective contractual obligations, Rutter ceased work on the project, filed a labor and materialman's lien on the McLaughlins' property, and sought to foreclose the lien. The McLaughlins filed a counter claim for breach of contract and requested that the dispute between the parties be submitted to an arbitrator as provided in the AIA "General Conditions" claimed

by the McLaughlins to be part of the parties' construction contract.

Following a hearing the district court concluded that an arbitration provision contained in the General Conditions was a part of the parties' construction contract and ordered the dispute submitted to arbitration. An arbitration award was made, later amended, and the amended award was confirmed by the district court. Plaintiff appellant Rutter appeals from the district court order confirming the arbitration award.

Rutter's principal contention is that the district court erred in concluding that the parties' contract contained provision mandating submission of any claims or disputes arising from the agreement to arbitration under AIA rules. Rutter points out that the General Conditions which provide for referral to arbitration of any claims or disputes were not listed in Article 16 of the standard form contract as a document incorporated by reference into the contract. However, the AIA standard form construction contract executed by the parties contains several direct references to various procedures specified in the General Conditions. Although the standard form contract contains several insertions or alterations made by the parties, these references to the provisions of the General Conditions were left intact.

■ If a contract is reasonably subject to conflicting interpretation, it is ambiguous, and its construction is a question of fact. *See, e. g., Werry v. Phillips Petroleum Co.*, 97 Idaho 130, 540 P.2d 792 (1975); *Williams v. Insurance Co. of North America*, 150 Mont. 292, 434 P.2d 395 (1967). The aim in construction of a contract is to ascertain the intention of the parties. *Transamerica Leasing Corp. v. Van's Realty Co.*, 91 Idaho 510, 427 P.2d 284 (1967). While the General Conditions were not explicitly incorporated by reference into the parties' written contract by enumeration in Article 16 of the agreement, provisions of the General Conditions are referred to in several important articles of the written agreement as if the General Conditions were part of

the parties' agreement. The contract must be read as a whole to ascertain the intent of the parties. *Minidoka County, for the use and benefit of Detweiler Bros., Inc. v. Krieger*, 88 Idaho 395, 399 P.2d 962 (1964). The question whether the General Conditions were intended to become part of the parties' agreement, in part or in their entirety, is not answered by reference to the face of the agreement. Therefore, whether the General Conditions were intended to be part of the contract or not was properly a question of fact for the trial court. *See Werry v. Phillips Petroleum Co.*, 97 Idaho 130, 540 P.2d 792 (1975). Factual determinations made by the district court will not be overturned on appeal unless they are clearly erroneous. I.R.C.P. 52(a).

■ The appellant Rutter, however, has not brought before this Court on this appeal a record of the proceedings in the district court at which the court concluded that the General Conditions were intended to be a part of the parties' contract. Nor has appellant brought before this Court a copy of the district court's order compelling submission of the parties' dispute to arbitration. On appeal the appellant must carry the burden of showing that the district court committed error. Error will not be presumed on appeal but must be affirmatively shown on the record by appellant. *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976); *Glenn Dick Equip. Co. v. Galey Construction, Inc.*, 97 Idaho 216, 541 P.2d 1184 (1975). Where an incomplete record is presented to this Court, the missing portions of that record are to be presumed to support the action of the trial court. *See Stewart v. Arrington Constr. Co.*, 92 Idaho 526, 446 P.2d 895 (1968); *Cullison v. City of Peoria*, 120 Ariz. 165, 584 P.2d 1156 (1978). Therefore, upon the record before us, we are unable to conclude that the district court erred in holding that the intent of the parties was to include in their contract a provision mandating submission of claims or disputes to arbitration under AIA rules. For this reason we affirm the district court's decision to submit the parties' dispute to arbitration and its order confirming the arbitration award.

Affirmed.

Costs are awarded to respondents. No attorney fees.

DONALDSON, C. J., SHEPARD, J., and DUNLAP and WALTERS, JJ. pro tem., concur.