809 P.2d 1166

**John B. KUGLER, Plaintiff–Appellant,**

v.

**Victoria Boss DROWN, aka, Vicky Drown, Dorothy Palmer and John or Jane Doe, Defendants–Respondents.**

**No. 18475.**

Court of Appeals of Idaho.

Feb. 4, 1991.

Petition for Review Denied
May 22, 1991.

John B. Kugler, Pocatello, plaintiff-appellant pro se.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for defendants-respondents. R.M. Whittier argued.

WALTERS, Chief Judge.

This is an appeal by plaintiff-appellant John Kugler, claiming that the trial court erred when it granted summary judgments to defendants-respondents Victoria Boss Drown and Dorothy Palmer on two causes of action brought by Kugler. Kugler, as assignee of a promissory note purportedly signed by Drown, sued Drown to recover on the note. He also alleged fraud by Drown and Palmer, claiming that they received the money evidenced by the note because of Palmer's undue influence over Gottfried Miller—an original payee of the note—and that they never intended to repay him. We affirm both summary judgments.

Facts

John Kugler—a licensed attorney—was counsel for Gottfried Miller from the late 1960's or the early 1970's until Miller's death on September 13, 1983. Thereafter, Kugler became attorney for Miller's estate. When Miller became ill before his death his personal caretaker was Dorothy Palmer, the mother of Victoria Drown. For a period of about two years, Victoria Drown visited her mother at the Miller home several times a month and met Miller on several occasions.

On April 1, 1983, Miller loaned Drown $10,000 at 12% interest, signified by a promissory note which prescribed that payments on the debt be made directly to First Security Bank in American Falls. Drown admitted receiving the money in March 1983, depositing it in her bank account, and using the money to pay her bills. She testified that she made payments on the note from October through December 1983, all of which were returned to her, reportedly with a notation that no such account was found at the bank.

Kugler stated in his deposition that he came into possession of the note in 1983 when the estate was opened after Miller's death. He said he did not attempt to collect on the note as counsel for the estate because he did not know who Drown was at the time. He also testified that Daniel Miller, the initial personal representative of the estate, advised Kugler that he [Daniel] did not want to pursue collection on the note. In 1987 Kugler was removed as counsel for the estate.

On July 8, 1988, when Idaho First National Bank was liquidating the assets of the estate, Kugler purchased the Drown

note, by assignment, for $180. On September 2, 1988, he sent a letter to Drown demanding payment to him as the owner of the note. Three weeks later, when payment was not forthcoming, Kugler filed the suit that generated this appeal, alleging that Drown owed him the nearly $13,000 due on the note, and that she had conspired with Dorothy Palmer to fraudulently receive the money from Miller intending not to repay him.

### The Trial Court's Decision

The trial court issued a summary judgment in favor of Drown on the issue of fraud, finding that there was no evidence that would a raise genuine issue of material fact that Drown or Palmer had committed fraud upon Miller. Further, the court found that Kugler had failed to file his action within the three-year statute of limitation for relief from fraud as prescribed in I.C. § 5–218. The court issued the summary judgment and dismissed the fraud cause of action with prejudice.

On the issue of Drown's indebtedness, the court determined that Kugler had failed to comply with the court's order to compel discovery by failing to answer Drown's interrogatories and to produce documents, including the promissory note, that he planned to use as evidence at trial. The court decided that an appropriate sanction was to preclude the note from being admitted as evidence. The court specifically stated that no lesser or different sanction would be effective. Because the note was the only evidence of Drown's indebtedness and because of Kugler's "blatant disregard" for the court's discovery order, the court relied on its general sanctioning power under I.R.C.P. 37(e) and dismissed Kugler's complaint with prejudice and awarded Drown attorney fees and costs. The court also determined that the statute of limitation of five years for collecting on the note had expired.

### I

■ We begin our discussion by reciting the standards for summary judgment. Summary judgment is appropriate if there is no genuine issue of material fact after the pleadings, depositions, admissions, and affidavits have been construed in a light most favorable to the opposing party. I.R.C.P. 56(c); *Bennett v. Bliss*, 103 Idaho 358, 360, 647 P.2d 814, 816 (Ct.App.1982). On appeal we exercise free review in determining whether a genuine issue of material fact exists. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct.App.1986).

■ The trial court issued its first summary judgment on the allegation of Drown's fraud. When issuing that judgment, the court properly required that a party alleging fraud must plead the factual circumstances constituting fraud with particularity. I.R.C.P. 9(b); *Galaxy Outdoor Advertising, Inc. v. Idaho Transportation Dept.*, 109 Idaho 692, 696, 710 P.2d 602, 606 (1985). Further, a party defending a motion for summary judgment may not rest on its pleadings, but must offer affidavits or other evidentiary materials which demonstrate that an issue of fact remains. *Theriault v. A.H. Robins Co. Inc.*, 108 Idaho 303, 306, 698 P.2d 365, 368 (1985).

The trial court found that Kugler had produced "absolutely no credible evidence" that could withstand Drown's motion for summary judgment. Freely reviewing the record, we agree. The only evidence concerning fraud comes from Kugler's own deposition in which he essentially states that he had heard from others that Palmer was exerting undue influence over Miller and that Kugler knew Miller was "tight" with his money and would never lend someone $10,000. The only evidence presented linking Drown to any possible fraud was that she was related to Palmer, that Drown met Miller several times over a two-year period, and that Drown had received the money from Miller. These facts and allegations are not sufficient to satisfy the particularity requirement of I.R.C.P. 9(b) or to demonstrate that an issue of fact remains concerning fraud. *See Witt v. Jones*, 111 Idaho 165, 722 P.2d 474 (1986).

■ The trial court also issued a summary judgment for Drown on the issue of her

indebtedness to Kugler as assignee of the note. The court, as a sanction, had precluded Kugler from presenting the note as evidence because he had failed to comply with the court's order to compel discovery. The court apparently determined that because the note was the *only evidence of the debt*, summary judgment was warranted. The court also said in its second memorandum decision that it dismissed this cause of action as a sanction pursuant to I.R.C.P. 37(e).

 A court has authority under I.R.C.P. 37(b), 37(d) and 37(e) to impose sanctions if a party fails to comply with a discovery order. The court is to make "such orders in regard to the failure as are just." I.R.C.P. 37(b)(2). The authority is discretionary and sanctions may include barring evidence from being introduced, dismissing an action, and assessing reasonable expenses, including attorney fees. I.R.C.P. 37(b)(2), (b)(2)(B),(C); 37(d); 37(e).

Drown submitted interrogatories to Kugler on May 23, 1988, including a request for a copy of the promissory note. Seven weeks later, on the date for the hearing on Drown's motion to compel discovery, July 14, 1988, Kugler had still not responded. Instead, he stated that he had answered all of the interrogatories in his deposition, though he had not produced any documents at that time. He also requested that the court take judicial notice of another case in the same county, involving Miller's estate, in which Kugler purportedly had provided Drown and the court with a copy of the note. The court refused to take judicial notice, stating in its memorandum decision that if counsel were allowed not to comply with discovery orders "merely on the basis of requesting the Courts to take judicial notice of other files, the trial court's pre-trial discovery orders would be meaningless." The court also stated that it was "not the obligation of this court nor opposing counsel to search through other court files to obtain evidence which is requested in discovery motions...." The court granted Drown's motion and ordered Kugler to answer the interrogatories and to provide copies of all documents in his possession that he intended to use as exhibits at trial by July 19, 1989. Trial was scheduled for July 24, 1989. Kugler did not answer the interrogatories or provide the documents by the required date. In his affidavit Kugler represented that he had provided the documents. After a contested hearing, however, the court held otherwise.

 Kugler has failed to provide this Court with a transcript of the proceedings below, so we cannot review the actions of the trial court regarding the contested hearing. Because of Kugler's omission, we presume that the trial court was correct in its ruling. Error will not be presumed on appeal but must be affirmatively shown on the record by an appellant. *Rutter v. McLaughlin*, 101 Idaho 292, 293, 612 P.2d 135, 136 (1980). Where an incomplete record is presented to this Court, the missing portions of that record are presumed to support the action of the trial court. *Id.* Further, "failure to provide a transcript may preclude a review of any issue which depends upon such a transcript for resolution." *Bernard v. Roby*, 112 Idaho 583, 587, 733 P.2d 804, 808 n. 3 (Ct.App.1987).

 Kugler asserted at his oral argument that the court erred in dismissing his action with prejudice because it did not set out the grounds for the dismissal as required in *Ashby v. Western Council, Lumber Production and Industrial Workers*, 117 Idaho 684, 791 P.2d 434 (1990) (relying on *Fitzgerald v. Walker*, 113 Idaho 730, 747 P.2d 752 (1987)). *Ashby* requires that, for a trial court to properly dismiss a case with prejudice for failure to comply with procedural rules, several circumstances must be shown: (1) a clear record of delay; (2) ineffective lesser sanctions; and (3) at least one aggravating factor of (a) delay from intentional conduct; (b) delay by the plaintiff personally; or (c) delay causing prejudice to the defendant. These factors must appear in the record in order to facilitate appellate review. *Ashby*, 117 Idaho at 687, 791 P.2d at 437.

In this case, a clear record of delay can be seen in Kugler's extended refusal to produce answers to interrogatories and documents in the face of a court order to do so. Not only did Kugler fail to respond to the order by the July 14 deadline, Kugler had not even responded by August 21 when the court issued its memorandum decision dismissing the complaint with prejudice. The court specifically stated that it had considered lesser sanctions and found none would be effective. Supporting this statement is the fact that the court did impose the lesser penalty of precluding unproduced documents from being used as evidence at trial. Further, the record, as submitted, shows that Kugler personally and intentionally did not answer interrogatories or produce documents in the manner ordered. The dismissal with prejudice was not error.

Moreover, the court's action is supported by the fact that the only evidence of Drown's debt was the note. Precluding that evidence from trial vitiated Kugler's cause of action because he presented no other evidence of the debt. Drown states in her deposition that Miller gave her the money as a gift and did not expect to be repaid. She said that the checks she submitted to First Security were returned with a notation saying that no account had been found. The original payees of the note (Mr. Miller and his wife) are both dead. There is no other evidence to counter Drown's sworn statement. Summary judgment was proper.

Because we conclude that the summary judgments on Kugler's two causes of action were proper on the grounds set out above, we need not address the trial court's application of the statutes of limitation on the two causes of action.

## II

■ Kugler contends, in the body of his brief, that the trial court erred when it set aside a clerk's default that had been initially entered in Kugler's favor. However, this issue is not set out as a challenged order in the issues specified in Kugler's opening brief nor is authority cited for the proposition. Our appellate rules require that

> the brief of appellant shall contain: ... (4) ... A list of the issues presented on appeal, expressed in the terms and circumstances of the case but without unnecessary detail. The statement of the issues should be short and concise, and should not be repetitious. The issues shall fairly state the issues presented for review. The statement of the issues presented will be deemed to include every subsidiary issue fairly comprised therein.

I.A.R. 35(a)(4). Failure of the appellant to include an issue in the statement of issues required by I.A.R. 35(a)(4) will eliminate consideration of that issue on appeal. *State v. Prestwich,* 116 Idaho 959, 961, 783 P.2d 298, 300 (1989) (citing *Jensen v. Doherty,* 101 Idaho 910, 911, 623 P.2d 1287, 1288 (1981) *and Drake v. Craven,* 105 Idaho 734, 736, 672 P.2d 1064, 1066 (Ct.App. 1983)).

■ Next, Kugler argues that he did not receive adequate notice of a hearing on Drown's motion to compel discovery. He states that he received only one day's notice instead of the five-day minimum notice required for hearings on motions in I.R. C.P. 6(d). Though Rule 6(d) does require five days' notice before a hearing on a motion, we find that the lack of notice in this case imposed no additional burden on Kugler and therefore the error was harmless. The hearing on July 14, 1989, was to order Kugler to answer interrogatories submitted to him by Drown on May 23, 1989, and to produce documents. The date set for trial, July 24, 1989, was fast approaching. The court gave Kugler five days to respond, which would have given Drown four days to review the material before trial. We consider the court's timing to be fair and not prejudicial.

Civil Rule 61 states that no error in anything done by the court is grounds for disturbing the judgment or order unless refusing to disturb the judgment or order would affect the substantial rights of the parties and would be inconsistent with sub-

stantial justice. I.R.C.P. 61. We do not find that the short notice for the hearing affected Kugler's substantial rights or that refusing to disturb the action of the trial court would be substantially unjust.

Kugler also claims that the trial court erred by holding the hearing on Drown's motion for summary judgment with less than twenty-eight days' notice. The record reveals that Drown's motion was filed with the clerk of the court on May 8, 1989. The hearing was originally set for June 6, 1989, but was vacated on Kugler's motion to a date to be set later. The hearing was actually held on August 14, 1989, approximately two months after Kugler moved to have it continued. We find no prejudice or error here or in any other of Kugler's assignments of error.

### Conclusion

We conclude that the trial court properly granted summary judgment on both causes of action in this case. The judgment is affirmed. Costs to respondents, Drown and Palmer, together with a reasonable attorney fee to be determined under I.A.R. 40 and 41. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979).

SWANSTROM and SILAK, JJ., concur.