**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36225**

| | | |
|---|---|---|
| JAMES BEAUMONT COOK, | ) | 2010 Unpublished Opinion No. 522 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: June 24, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. John T. Mitchell, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant. Diane M. Walker argued.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent. Nicole L. Schafer argued.

_____

MELANSON, Judge

James Beaumont Cook appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Cook was present on the property of a friend when police arrived with an arrest warrant for Cook and then conducted a probation search of the property as a condition of the friend's probation. During the course of the search, police discovered, among other things, a large marijuana-growing operation in an outbuilding. After a jury trial, Cook was found guilty of trafficking in marijuana and sentenced to a unified term of seven years, with a minimum period of confinement of five years. Cook's friend was charged with trafficking in marijuana in a separate case, and the charge was dismissed after he successfully moved to suppress the evidence on the basis that he was not subject to searches as a condition of his unsupervised probation.

1

Cook filed a pro se application for post-conviction relief alleging ineffective assistance of trial counsel for failing to file a motion to suppress. Specifically, Cook's application alleged that he requested that counsel file a motion to suppress but counsel told him that the motion would not be successful and did not file it. Additionally, the application alleged that the evidence suppressed in his friend's case was the same evidence used against him and that the suppression of the evidence in that case could entitle Cook to have the evidence suppressed in his case. Cook attached to his application the district court's suppression order from his friend's case, an affidavit of facts which reiterated the success of his friend's motion to suppress, and Cook's request for a motion to suppress which was rebuffed by his counsel. After affording proper notice, the district court summarily dismissed Cook's application on the basis that he failed to raise a genuine issue of material fact whether counsel's performance was deficient or whether he was prejudiced by counsel's deficiencies. Cook appeals.

## II.

## ANALYSIS

An application for post-conviction relief initiates a proceeding that is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action. An application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of

2

summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct. App. 1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). In post-conviction actions, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008).

A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177.

In this case, Cook's application for post-conviction relief alleged that counsel was ineffective for failure to file a motion to suppress when Cook requested her to do so even though, according to counsel, it would not have been granted. The application also alleged that evidence suppressed in the case of Cook's friend was the same evidence used against Cook. Lastly, the application alleged that the suppression order from his friend's case could show Cook's entitlement to suppression in his case. In that order, the district court suppressed evidence of the marijuana-growing operation on the basis that Cook's friend consented to the search only because of a police officer's erroneous representation that he had authority to conduct a probation search. Cook also submitted an affidavit that reiterated the allegations already presented by his application. In response to the district court's notice of intent to dismiss for failure to raise a genuine issue of material fact, post-conviction counsel argued that Cook had standing to file a motion to suppress because he was an occasional overnight guest at his friend's home. In support of this assertion, post-conviction counsel cited to part of the trial record that is not included in this appeal. Specifically, post-conviction counsel referred to a portion of the trial transcript wherein Cook allegedly testified as to his status as an occasional overnight guest on the property.

In order to merit an evidentiary hearing, Cook's application had to raise a genuine issue of material fact as to whether the outcome of his trial would have been different had counsel filed a motion to suppress. In other words, Cook had to raise a genuine issue of material fact that a motion to suppress would have succeeded. Cook's application itself only alleges that, because his friend filed a successful motion to suppress, a motion filed on his behalf *could* have succeeded as well. The suppression order from his friend's case which was attached to Cook's application explains why suppression was appropriate for reasons personal to Cook's friend. Those reasons alone do not raise a genuine issue of material fact that the evidence would have been suppressed as it relates to Cook's expectation of privacy. The only portion of Cook's post-conviction pleadings which speaks of his expectation of privacy on the property and, therefore, the likelihood of success of a motion to suppress, is the representation, in his attorney's response to the notice of intent to dismiss, that Cook was an occasional overnight guest on the property. However, this bare and conclusory allegation is not evidence that could raise a genuine issue of material fact that Cook was an occasional overnight guest, let alone a conclusion that a motion to suppress would have succeeded on this basis. Without further support, Cook has failed to raise a

4

genuine issue of material fact that there was a reasonable probability that a motion to suppress would have succeeded and, thus, that he was prejudiced by any alleged deficiency in counsel's performance. Therefore, the district court did not err by summarily dismissing this claim.

Cook argues that his claim of his status as an occasional overnight guest was sufficient to create a genuine issue of material fact concerning the possible success of a motion to suppress. Further, he contends that it was not a bare and conclusory allegation as it contained a citation to the trial transcript. Cook's argument fails for two reasons. First, even if accepted as true, his allegation does not create a genuine issue of material fact that a motion to suppress would have succeeded on that basis. Second, it is unclear whether this evidence was even considered by the district court as no formal motion to augment or to take judicial notice of the trial proceedings was filed in the post-conviction case.[1] A post-conviction proceeding is a separate civil action in which the applicant bears the burden of proof imposed upon a civil plaintiff. *Paradis v. State*, 110 Idaho 534, 536, 716 P.2d 1306, 1308 (1986). Exhibits and transcripts from the underlying criminal proceedings, even if previously prepared on direct appeal, are not before the trial court in the post-conviction proceeding and do not become part of the record on appeal unless presented as exhibits or through a motion to take judicial notice. I.R.E. 201; *Roman v. State*, 125 Idaho 644, 648, 873 P.2d 898, 902 (Ct. App. 1994). Although the district court may have reviewed portions of the record from the underlying criminal action on its own initiative, with no formal motion to take judicial notice filed below and no proffer of any part of the criminal case record as an exhibit, this Court has no way of knowing with any degree of certainty.

Cook also argues that he received insufficient notice of the district court's intent to dismiss his application for post-conviction relief on the ground that he lacked standing to challenge the search of his friend's property. The argument provides no basis for relief. The issue of standing was first raised by Cook in his reply to the district court's notice of intent to dismiss the application for post-conviction relief and Cook had adequate opportunity to provide

---

[1] Prior to oral argument, the state filed a motion for this Court to take judicial notice of the record and transcripts from Cook's underlying criminal proceedings. Appellate court review is limited to the evidence, theories and arguments that were presented below. *Nelson v. Nelson*, 144 Idaho 710, 714, 170 P.3d 375, 379 (2007). This Court has denied the state's motion as there has been no showing, other than by implicit inference, that this evidence was considered by the district court.

argument in support. Therefore, we conclude that any alleged defect in notice did not deprive Cook of addressing the issue of standing.

## III.

## CONCLUSION

Cook's application failed to raise a genuine issue of material fact that he was prejudiced by any alleged deficiency in trial counsel's performance for failing to file a motion to suppress. Therefore, summary dismissal of this claim was proper. Accordingly, the district court's order summarily dismissing Cook's application for post-conviction relief is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ, **CONCURS.**

Judge LANSING, **CONCURRING IN THE RESULT**

While I agree with the majority that the order summarily dismissing Cook's petition for post-conviction relief must be affirmed, I write separately because I am not in agreement with all components of the majority opinion and because I believe the question of the sufficiency of the district court's notice of intent to dismiss warrants greater discussion.

The majority's affirmance of the dismissal of Cook's claim that his defense attorney was ineffective in failing to file a suppression motion rests upon the lack of evidence that he had a reasonable expectation of privacy in the premises where marijuana was found. I agree that because of this lack of evidence, Cook has not shown that a suppression motion would have succeeded in his case. That is not, however, the basis for dismissal stated by the district court, either in its notice of intent to dismiss or in the final order dismissing Cook's petition. Indeed, I find the notice of intent to dismiss insufficient to state *any* valid basis to summarily dismiss Cook's petition.

The only statement in the notice that seems to suggest a ground for dismissal particular to Cook's petition is the statement that "the officers conducting the search of Tweedie had an arrest warrant for James Cook"; the existence of that arrest warrant appears to be the basis upon which the district court ultimately dismissed the post-conviction action. The district court cited no authority, however, and I know of none, holding that execution of a warrant for Cook's arrest entitled officers to search the entire parcel of property on which Cook was arrested, including the outbuilding on Tweedie's property where the marijuana grow operation was found, or to continue searching *after* Cook's arrest. The law is quite the contrary. An arrest warrant carries

6

with it the limited authority to enter the suspect's dwelling to search for and arrest a suspect, *Payton v. New York*, 445 U.S. 573, 603 (1980), but the officers may intrude no further into the house than necessary to effectuate the arrest. *State v. Coma*, 133 Idaho 29, 32, 981 P.2d 754, 757 (Ct. App. 1999); *State v. Peterson*, 108 Idaho 463, 465, 700 P.2d 85, 87 (Ct. App. 1985). Therefore, the arrest warrant here could not legitimize the officers' intrusion onto Tweedie's property any further than necessary to locate Cook and place him under arrest. It certainly did not justify the post-arrest search of the building where marijuana was being grown.

Other components of the district court's notice of intent to dismiss are confusing because they are irrelevant to the sole claim raised in Cook's petition. These components include a section of the notice where the court observed, with citations to authority, that "where the names of witnesses and the information they have presented would not have changed the outcome of the defendant's trial, counsel's failure to discover the information through the interviews of those witnesses did not violate defendant's constitutional right to effective assistance of counsel," and that "defense counsel's failure to contact the named witness as an alibi witness, even if deficient performance, would cause 'no prejudice' because the witness's testimony would not have established the defendant's whereabouts at the time the crime was committed." Inasmuch as Cook presented no claim that his attorney was deficient for failing to present certain witnesses or for failing to present an alibi defense, the inclusion of these statements in the court's notice of intent not only stated no grounds for summary dismissal of Cook's petition but introduced confusion as to what ground the court was intending to articulate.

I acknowledge that the notice of intent also stated that Cook had not presented admissible evidence of prejudice from his counsel's allegedly deficient performance. In my view, this is not sufficient to put the petitioner on notice that his post-conviction action was subject to dismissal for lack of evidence that he had a reasonable expectation of privacy in the searched premises. The Idaho Supreme Court has held that before a trial court may summarily dismiss a petition for post-conviction relief, the petitioners must be given notice of the reason for dismissal with reasonable particularity. *DeRushé v. State*, 146 Idaho 599, 601-02, 200 P.3d 1148, 1150-51 (2009); *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). In *DeRushé*, the Supreme Court held that this particularity requirement did not mandate the level of detail there urged by the petitioner, but the Court reiterated that the rule required "reasonable particularity." *Id.* at 601, 200 P.3d at 1150. Prejudice is one element of a claim of ineffective assistance of

7

counsel. A petitioner presenting such a claim must show not only that his attorney's performance was deficient, i.e., fell below an objective standard of reasonableness, but also that the defendant was prejudiced by that deficiency, i.e., that but for the attorney's deficient performance, the outcome of the criminal proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Aragon v. State*, 114 Idaho 758, 760-61, 760 P.2d 1174, 1176-77 (1988). I do not understand *DeRushé* to hold that a mere statement that the defendant has not shown prejudice from counsel's alleged deficient performance is sufficient to give notice that the court will dismiss for lack of evidence to support some specific element of the claimed deficient performance that was nowhere mentioned in the notice of intent. Such a reading of *DeRushé* would completely eviscerate the reasonable particularity requirement.

Having concluded that the district court's notice of intent to dismiss in this case was insufficient to notify Cook that his petition could be dismissed for failure to show that he had a reasonable expectation of privacy in the searched premises, i.e., standing to bring a suppression motion, I nevertheless conclude that the dismissal should be affirmed because Cook was not prejudiced by that deficiency in the notice. This is so because Cook's own attorney specifically addressed the standing question in responding to the court's notice of intent to dismiss. The attorney obviously recognized that standing was indeed the Achilles heel of Cook's claim that his attorney should have filed a suppression motion. Accordingly, she specifically addressed the standing question, with discussion of the facts of Cook's case and citations to authority, in her response to the court's notice of intent to dismiss. Because Cook himself raised this issue and fully addressed it in opposing summary dismissal, it is permissible for this Court to affirm the dismissal on this ground notwithstanding the absence of notice of this ground in the court's notice of intent to dismiss. Errors in the trial court that do not affect the substantial rights of a party will not be grounds for reversal on appeal. Idaho Rule of Civil Procedure 61. ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.") *See also Ponderosa Paint Mfg., Inc. v. Yack*, 125 Idaho 310, 316-17, 870 P.2d 663, 669-70 (Ct. App. 1994); *Kugler v. Drown*, 119 Idaho 687, 691-92, 809 P.2d 1166, 1170-71 (Ct. App. 1991).

Having determined that the trial court's failure to cite Cook's lack of a privacy interest in the searched premises as grounds for summary dismissal does not preclude us from affirming the dismissal on that basis on appeal, the next query is whether Cook's evidence was sufficient to

8

raise a genuine factual issue on the question of his possession of a privacy interest. I conclude that it was not.

The Fourth Amendment prohibition of unreasonable searches protects from governmental intrusion only those places and things in which an individual has a legitimate expectation of privacy. *Oliver v. United States*, 466 U.S. 170, 177 (1984); *State v. Morris*, 131 Idaho 562, 565, 961 P.2d 653, 656 (Ct. App. 1998). Ordinarily, an overnight guest in a home has a reasonable expectation of privacy in that home and therefore standing to obtain suppression of evidence found there in an illegal search during the guest's occupancy. *Minnesota v. Olson*, 495 U.S. 91 (1990). This privacy interest was explained by the Supreme Court in *Olson* as follows:

> To hold that an overnight guest has a legitimate expectation of privacy in host's home merely recognizes the everyday expectations of privacy that we all share. . . .
> From the overnight guest's perspective, he seeks shelter in another's home precisely because it provides him with privacy, a place where he and his possessions will not be disturbed by anyone but his host and those his host allows inside. We are at our most vulnerable when we are asleep because we cannot monitor our own safety or the security of our belongings. It is for this reason that, although we may spend all day in public places, when we cannot sleep in our own home we seek out another private place to sleep, whether it be a hotel room, or the home of a friend.

*Id.* at 98-99. Cook has not shown that this protection of overnight guests applied to him, because his evidence did not show that he was an overnight guest in Tweedie's home on the day of the search; and even if he was an overnight guest giving him some expectation of privacy in Tweedie's house, that status would demonstrate no expectation of privacy in the outbuilding where the growing marijuana was found. Accordingly, Cook has not made a prima facie showing of deficient performance on the part of his attorney, who concluded that he did not have a meritorious basis for a suppression motion. I therefore concur with affirmance of the district court's decision dismissing Cook's post-conviction petition.

Judge GUTIERREZ, **CONCURS.**