# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43345

| | |
|---|---|
| RONDA SUE REYNOLDS fka LUNDERS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> JEFFREY KEITH LUNDERS, <br><br> Defendant-Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

2016 Unpublished Opinion No. 544

Filed: May 23, 2016

Stephen W. Kenyon, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jeff M. Brudie, District Judge; Hon. Jay P. Gasgill, Magistrate.

District court's decision, on intermediate appeal, affirming the magistrate's order amending the divorce decree, <u>affirmed</u>.

Muriel M. Burke-Love, Moscow, for appellant.

Mabbutt Law Office, PLLC; Catherine M. Mabbutt, Moscow, for respondent.

_____

HUSKEY, Judge

Ronda Sue Reynolds appeals from the district court's decision, on intermediate appeal, affirming the magistrate's order amending the divorce decree of Reynolds and Jeffrey Keith Lunders. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This divorce proceeding began in July 2011. On July 19, 2012, based on a stipulation by the parties, the magistrate entered "Amended Orders Regarding Amending Complaint, Child Custody, Child Support and Spousal Maintenance." The amended order set forth child custody and child support provisions and included, in pertinent part, the following:

> Plaintiff shall undertake a psychological evaluation and shall follow all recommendations, if any, of said evaluation. Plaintiff shall sign a limited release for defendant's counsel to obtain counseling records to confirm that plaintiff has

1

completed an evaluation and is following the treatment plan, if any, until she is released by her counselor.

The amended order did not resolve the substantive issues of property and debt distribution.

On September 13, 2012, Lunders filed a motion to modify the amended order under Idaho Rule of Civil Procedure 60(c).[1] In December 2012, without ruling on the motion to modify, the magistrate entered the decree of divorce. The divorce decree incorporated the child custody and child support arrangements of the amended order and resolved the property and debt distribution issues, but it specifically reserved ruling on the motion to modify.

In January 2014, the magistrate heard the motion to modify. On May 9, 2014, the magistrate granted the motion to modify and entered the amended decree of divorce incorporating Lunders' requested custody modifications. Reynolds appealed the magistrate's grant of Lunders' motion to modify and the entry of the amended divorce decree to the district court.

The district court, in its appellate capacity, affirmed the magistrate's decision, reasoning: (1) the court had continuing jurisdiction to hear the motion to modify; (2) the court correctly determined there was a material and substantial change in circumstances based on the entirety of the evidence indicating it was in the best interest of the children to modify the amended order; and (3) the court did not abuse its discretion in finding that Reynolds failed to comply with the "spirit" of the amended order, which required her to get a psychological exam and treatment. Reynolds appeals.

## II.

## STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, we do not review the decision of the magistrate. *State v. Trusdall*, 155

---

[1] Idaho Rule of Civil Procedure 60(c) has since been repealed, effective July 1, 2015.

2

Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014).  Rather, we are procedurally bound to affirm or reverse the decisions of the district court.  *Id*.

### III.

### ANALYSIS

**A.      The July 19, 2012, Amended Order Was Not a Final Judgment**

Reynolds argues the amended order was not a final judgment.  Lunders argues the amended order was a final order because it said "final" in the document, the divorce decree referenced the amended order as final, and the Supreme Court's order entitled "In Re:  Finality of Judgments Entered Prior to April 15, 2015" (Standing Order) applies.

I.R.C.P. 54(a) provides:

> "Judgment" as used in these rules means a separate document entitled "Judgment" or "Decree".  A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action.  Such relief can include dismissal with or without prejudice.  A judgment shall not contain a recital of pleadings, the report of a master, the record of prior proceedings, the court's legal reasoning, findings of fact, or conclusions of law.  A judgment is final if either it is a partial judgment that has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action.

A final judgment is "an order or judgment that ends the lawsuit, adjudicates the subject matter of the controversy, and represents a final determination of the rights of the parties.  It must be a separate document that on its face states the relief granted or denied."  *T.J.T., Inc. v. Mori*, 148 Idaho 825, 826, 230 P.3d 435, 436 (2010).  A document that does not comply with I.R.C.P. 54(a) does not constitute a final judgment.  *Estate of Holland v. Metro. Prop. and Cas. Ins. Co.*, 153 Idaho 94, 99, 279 P.3d 80, 85 (2012).  Conversely, an interlocutory order is an order that is temporary in nature and does not completely adjudicate the parties' dispute.  *Boise Mode, LLC v. Donahoe Pace & Partners Ltd.*, 154 Idaho 99, 107, 294 P.3d 1111, 1119 (2013).

On February 12, 2015, the Supreme Court entered the Standing Order.  In pertinent part, the order stated that "any judgment, decree or order entered before April 15, 2015, that was intended to be final but which did not comply with Idaho Rule of Civil Procedure 54(a) . . . shall be treated as a final judgment."

Here, the amended order was titled "Amended Orders Regarding Amending Complaint, Child Custody, Child Support and Spousal Maintenance" and was not certified as final pursuant

to I.R.C.P. 54(b)(1),[2] and was not intended to be the final judgment because it only resolved the child custody and child support issues but not the property settlement and debt division. Thus, the amended order was not a final judgment because it did not comply with I.R.C.P. 54(a), and the Standing Order does not apply.

**B.     Idaho Rule of Civil Procedure 60(c) is Not Limited to Final Judgments**

Reynolds argues Lunders' motion to modify is procedurally defective because I.R.C.P. 60(c) only applies to final judgments. Reynolds' interpretation is incorrect and she cites no authority to support her contention.

Rules of the court are subject to the same rules as statutory construction. *Bobby G. v. Arizona Dept. of Economic Sec.*, 200 P.3d 1003, 1006 (Ariz. Ct. App. Div. 2 2008) (holding the same principles that apply to statutory construction apply to procedural rules of the state supreme court); *Hoile v. State*, 948 A.2d 30, 40 (Md. 2008) (using same canons and principles of statutory construction to interpret rules of procedure); *Logan v. Abe*, 350 P.3d 1139, 1141-1142 (Nev. 2015) (holding the rules of statutory interpretation apply to rules of procedure). We see no reason not to apply the same principle in Idaho. As such, where a term has been carefully employed in one place and excluded in another, it should not be implied where excluded. *City of Burbank v. General Elec. Co.*, 329 F.2d 825, 832 (9th Cir. 1964); *See also Kopp v. State*, 100 Idaho 160, 164, 595 P.2d 309, 313 (1979) (holding that "where a statute [rule] with respect to one subject contains a certain provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different intention existed").

Idaho Rule of Civil Procedure 60(c) governed proceedings to modify child custody or child support orders prior to its repeal and it provided:

> Except as otherwise provided by these rules, a motion to modify child custody or child support orders shall be served and adjudicated in substantially the same manner as an original proceeding, but the filing of a motion to modify child custody or child support orders shall not be deemed the commencement of an action under Idaho Code Section 5-404.

Nothing in the language of I.R.C.P. 60(c) specifically limits its application to final, as opposed to, interlocutory judgments or orders. If the drafters intended I.R.C.P. 60(c) to pertain only to final judgments, they could have and would have used language consistent with that intention. The ability to insert such limiting language is demonstrated by the use of similar language in

---

[2]     Idaho Rule of Civil Procedure 54(b)(1) provides: "the court shall execute a certificate which shall immediately follow the court's signature on the judgment . . . ."

4

I.R.C.P. 60(b), which provides, "[t]he court may relieve a party or his legal representative from a final judgment, order, or proceeding . . . ."

Moreover, looking at I.R.C.P. 60 as a whole, only I.R.C.P. 60(b) applies to final judgments, orders, or proceedings. For example, I.R.C.P. 60(a) is not limited to final judgments. *See Merrick v. Pearce*, 97 Idaho 250, 251, 542 P.2d 1169, 1170 (1975) (holding an I.R.C.P. 60(a) motion to amend a judgment that transposed a jury verdict's valuations was proper); *see Wurzburg v. Kootenai County*, 155 Idaho 236, 246, 308 P.3d 936, 946 (Ct. App. 2013) (holding it was proper to file an I.R.C.P. 60(a) motion to correct a clerical error in a district court's finding of fact). Conversely, I.R.C.P. 60(b) is limited to final judgments, orders, or proceedings. *See Doe v. Doe*, 155 Idaho 660, 664, 315 P.3d 848, 852 (2013) (holding because an order was not a final judgment, I.R.C.P. 60(b) did not apply); *Idaho First Nat. Bank v. David Steed and Associates, Inc.*, 121 Idaho 356, 361, 825 P.2d 79, 84 (1992) (holding motions to reconsider an interlocutory order cannot be made under I.R.C.P. 60(b)).

Because the "final judgment, order or proceeding" language present in I.R.C.P. 60(b) is omitted from I.R.C.P. 60(c), it follows that I.R.C.P. 60(c) is not limited to final judgments.

**C.     The Magistrate Had Jurisdiction to Rule on Lunders' Motion to Modify the July 19, 2012, Amended Order Because the Motion Was Timely Filed**

Reynolds argues Lunders' sole remedy to modify the amended order was to file an I.R.C.P. 11(a)(2)(B) motion to reconsider an interlocutory order. Reynolds contends because Lunders did not file within the fourteen-day time limit required by I.R.C.P. 11(a)(2)(B), Lunders is precluded from modifying the amended order.

Idaho Rule of Civil Procedure 60(c) allows for motions to modify child custody and support orders. In this case, as discussed above, the amended order is an interlocutory order. Idaho Rule of Civil Procedure 11(a)(2)(B) governs motions to modify interlocutory orders. It provides: "A motion for reconsideration of any interlocutory orders of the trial court may be made at any time before the entry of final judgment but no later than fourteen (14) days after the entry of the final judgment." When Lunders filed his motion to modify in September 2012, no final judgment had been entered. Because Lunders filed his motion to modify before entry of a final judgment, his motion was prematurely, but ultimately timely, filed. Therefore, the magistrate had jurisdiction to consider Lunders' motion to modify.

5

**D.    Lunders' Motion to Modify is Not a Re-Litigation of Issues**

Reynolds argues the allegations Lunders raised in his motion to modify were resolved by the stipulation between the parties for the amended order and the agreement at the September 2012 hearing where the parties agreed to incorporate the amended order into the divorce decree. Reynolds contends because these allegations were previously litigated, the magistrate incorrectly considered them in deciding whether there was a substantial and material change in circumstances. Lunders argues the court properly considered his allegations when deciding whether there was a substantial and material change in circumstances.

The stipulation and the September 2012 hearing transcript Reynolds relies upon for her argument are not part of the record on appeal. Error will not be presumed on appeal, but must be affirmatively shown on the record by an appellant. *Rutter v. McLaughlin*, 101 Idaho 292, 293, 612 P.2d 135, 136 (1980). Any missing portions are presumed to support the trial court's ruling. *Kugler v. Drown*, 119 Idaho 687, 690, 809 P.2d 1166, 1169 (Ct. App. 1991). Further, failure to provide a transcript may preclude a review of any issue which depends upon such a transcript for resolution. *Bernard v. Roby*, 112 Idaho 583, 587 n.3, 733 P.2d 804, 808 n.3 (Ct. App. 1987).

Neither the stipulation to enter into the amended order nor the September 2012 hearing transcript upon which Reynolds bases her argument are in the record before this Court. With an incomplete record, the missing stipulation and September 2012 hearing transcript must be presumed to support the action of the magistrate. As such, we decline to address this issue on appeal.

**E.    Reynolds' Argument That Lunders is Quasi-Estopped From Challenging the Divorce Decree Entered Pursuant to an Agreement Between the Parties is Not Supported by the Record**

Reynolds argues Lunders is estopped from modifying the amended order because the parties agreed in the September 2012 hearing to the entry of the divorce decree incorporating the amended order. As noted above, any missing portions of the record are presumed to support the trial court's ruling. *Kugler*, 119 Idaho at 690, 809 P.2d at 1169. And failure to provide a transcript may preclude a review of any issue which depends upon such a transcript for resolution. *Bernard*, 112 Idaho at 587 n.3, 733 P.2d at 808 n.3. Because the September 2012 hearing transcript is not in the record before this Court, we decline to address this issue on appeal.

**F.** **Reynolds Has Failed To Establish the Magistrate Abused Its Discretion by Finding a Material, Permanent, and Substantial Change in Circumstances**

Reynolds argues that the amended order required her to get a psychological evaluation and obtain treatment, which she did. Reynolds argues for the court to conclude that the "spirit of the agreement" required her to get a psychological evaluation and treatment specifically for a personality disorder was an abuse of discretion. Lunders argues the magistrate was correct in finding Reynolds violated the "spirit of the agreement" because the parties agreed to put the requirement for the psychological evaluation in the amended order because of Reynolds' previous diagnosis of personality disorder.

A person does not violate a court order when the court used additional documents to infer language into an order. In *Carr v. Pridgen*, 157 Idaho 238, 335 P.3d 578 (2014), the father alleged that the mother violated paragraph 15 of the parenting plan, which provided the child could only be removed from Idaho with an advance agreement by both parties. *Carr*, 157 Idaho at 244, 335 P.3d at 584. After determining the parties' intent regarding the parenting plan from a previous court order, the magistrate found the mother violated her duty of good faith and fair dealing in maximizing a parent's time prior to deployment because the intent of the parties was to allow the child to spend as much time as possible with a parent pre-deployment. *Carr*, 157 Idaho at 245, 335 P.3d at 585. The Supreme Court, however, held the magistrate erred by relying on language that was not in the parenting plan. Because the conduct addressed in the parenting plan was about removing the child from Idaho without advanced agreement, the magistrate erred by using a separate court order to infer the parties' intent into the parenting plan. *Id.*

Similar to the magistrate in *Carr* who relied on the intent of the parties to determine if an order was violated instead of the actual language of the order, the magistrate here looked beyond the language of the amended order to determine Reynolds violated the "spirit of the agreement." Here, the magistrate found Reynolds violated the "spirit of the agreement" when she obtained a non-specific psychological evaluation instead of a psychological evaluation for personality disorder. The requirement that the psychological evaluation and treatment be specifically for personality disorder is not in the language of the amended order. The amended order stated Reynolds, "shall undertake a psychological evaluation and shall follow all recommendations, if any, of said evaluation." Reynolds completed a psychological evaluation and followed the recommended treatment of that evaluation.

7

There is no evidence in the record giving this Court any indication of what constitutes the "spirit of the agreement," and thus, we are constrained to review only the language of the amended order. In *Carr*, the Supreme Court held the intent of the parties was irrelevant because the parenting plan was sufficiently clear on the requirements for the child to leave the state. Similarly, in this case, the amended order clearly stated that Reynolds only needed to undergo a psychological evaluation, not a psychological evaluation specifically for personality disorder. The intent of the parties regarding that requirement does not change the amended order's plain language.

Error will not be presumed on appeal, but must be affirmatively shown on the record by an appellant. *Rutter*, 101 Idaho at 293, 612 P.2d at 136. Any missing portions are presumed to support the trial court's ruling. *Kugler*, 119 Idaho at 690, 809 P.2d at 1169. Further, failure to provide a transcript may preclude a review of any issue which depends upon such a transcript for resolution. *Bernard*, 112 Idaho at 587 n.3, 733 P.2d at 808 n.3.

We recognize that the documents cited to by Reynolds are presumed to support the lower court's decision. However, for those documents to support the lower court's decision, the lower court would have necessarily looked to, and relied upon, documents other than the amended order--the practice specifically rejected by the *Carr* court. As such, the absence of those documents cannot and does not support the lower court's decision in this instance. Because Reynolds complied by obtaining a psychological evaluation and completing the treatment recommendation, the magistrate erred by concluding Reynolds violated the spirit of the amended order. However, Reynolds has failed to establish that such error was prejudicial, because Reynolds has failed both to provide an adequate record for review of the issue and to support her claim with relevant argument and authority.

Although Reynolds claims that the magistrate's error affected the substantial rights of Reynolds and was, "far from harmless," Reynolds provides no argument and authority to establish why the error is reversible or the relevant standard of review for this Court to analyze the claim. Failing to provide argument and authority for her claim results in this Court declining to consider the issue. *Jorgensen v. Coppedge*, 145 Idaho 524, 528, 181 P.3d 450, 454 (2008).

Reynolds further claims the magistrate committed error when it admitted expert testimony regarding Reynolds' mental health issues over the objection of counsel. However, neither the transcript nor the minutes of the hearing are part of the record, and thus, we cannot

determine the nature, scope, or extent of the objection and the subsequent rulings. Moreover, Reynolds provides no argument or authority for her claim that admitting such evidence was error. The sum of her argument is, "Allowing this evidence in over the objection of the [sic] Ronda was fundamental error that affected the substantial rights of the [sic] Ronda." As noted above, failing to provide argument and authority for the claim results in this Court declining to consider the issue. *Jorgensen*, 145 Idaho at 528, 181 P.3d at 454.

Thus, because there is an inadequate record on appeal and such absence is presumed to support the lower court's ruling, and because Reynolds has failed to support her claims with argument and authority, this Court finds there was substantial and competent evidence to support the magistrate's decision.

## G.     Attorney Fees on Appeal

Both Reynolds and Lunders request attorney fees on appeal. Citing the disparity between her income and Lunders' income, Reynolds requests attorney fees under Idaho Code §§ 32-704, 32-705, and 32-718. Lunders requests attorney fees under I.C. § 12-123, I.R.C.P. 11, and Idaho Appellate Rule 41. We decline to award attorney fees under I.C. §§ 32-704, 32-705. Neither party has brought, pursued, or responded to this appeal in an unreasonable, frivolous, or vexatious manner. Accordingly, neither party is entitled to attorney fees on appeal pursuant to I.C. §§ 32-718, 12-123, or I.R.C.P. 11. Because Lunders is the prevailing party, he is entitled to costs, but not attorney fees on appeal. *See* I.A.R. 40.

## IV.

## CONCLUSION

The amended order is an interlocutory order because it does not comply with the final judgment requirements of I.R.C.P. 54(a). Because I.R.C.P. 60(c) is not limited to final judgments, Lunders timely filed his motion to modify the amended order under this rule. Furthermore, this Court declines to address the re-litigation and quasi-estoppel issues raised by Reynolds because of an incomplete record. Finally, this Court declines to address Reynolds' other claims of error because she has failed to provide an adequate record on appeal and has failed to support her claim with relevant argument and authority. We affirm the district court's decision, on intermediate appeal, affirming the magistrate's order amending the divorce decree. Costs, but not attorney fees, are awarded to Lunders.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

9