695 P.2d 418

**STATE of Idaho, ex rel. June R. GOODWIN, Plaintiff-Respondent,**

v.

**Albert C. VALENTINE, Defendant-Appellant.**

**No. 14969.**

Court of Appeals of Idaho.

Jan. 23, 1985.

Albert C. Valentine, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Greg Bower, Ada County Pros. Atty., Ronald D. Coston, Deputy Pros. Atty., for plaintiff-respondent.

SWANSTROM, Judge.

A magistrate ordered Albert Valentine to pay child support in a civil proceeding brought under the Revised Uniform Reciprocal Enforcement of Support Act, I.C. §§ 7–1048, –1089 (RURESA). Valentine's appeal to the district court was dismissed for his failure to pay the estimated fee for a transcript of the hearings in the magistrate division, as ordered by the district judge. Valentine has appealed from the order of dismissal. The issue we address here is whether the district judge abused his discretion in dismissing the appeal from the magistrate division. We hold that he did not and we affirm his order.

In the first level appeal Valentine raised six issues which involved (1) a challenge to the trial court's jurisdiction, (2) denial by the trial court of a "twelve man jury" trial, (3) denial of his right to be represented by a non-lawyer "counsel," (4) refusal of the trial court to advise Valentine of the rules of procedure he should follow, that is, denial of his "rights sua sponte," (5) failure of the trial court to provide him with transcripts of hearings held in the magistrate division, and (6) the alleged invalidity of a "contract" upon which the RURESA complaint was based. Valentine also reserved the right to raise "[o]ther issues to be covered by the supporting briefs that will

be timely filed." The notice of appeal recited, "This appeal is taken upon both matters of law and fact."

The district court is granted the authority to determine whether a transcript is required for the appeal and, if so, must enter an order stating the transcript is needed and direct the appellant to pay the estimated transcript fee within fourteen days from the date of the order of the court. I.R.C.P. 83(j)(2), (3). The cost of the transcript ordered by the district court shall initially be paid by the appellant. I.R.C.P. 83(k)(5).

In this case, the district judge determined that a transcript of the hearing below was necessary to resolve issues raised by the appeal. On July 12, 1982, he entered an order to this effect, directing Valentine to pay the estimated cost of the transcript within fourteen days. Valentine objected to paying the estimated fee. His previous demands to the trial court to have transcripts furnished to him indicated he was relying upon certain *criminal* rules. The district court then issued its memorandum opinion and order dated January 13, 1983, pointing out that the proceedings were civil not criminal. The order, setting forth the applicable civil rule, I.R.C.P. 83(j)(3)(C), concluded, "Upon failure of the defendant-appellant to pay the estimated cost of the transcript within fourteen days, the appeal will be dismissed for lack of prosecution." When appellant did not pay, the appeal was dismissed "as of January 31, 1983." This appeal is taken from the order of January 13, 1983, which resulted in the dismissal.

The relevant part of Rule 83(s), I.R.C.P., provides: "Failure of a party to timely take any other step in the appellate process shall not be deemed jurisdictional, but may be grounds only for such other action or sanction as the district court deems appropriate, which may include dismissal of the appeal." The issue before us now is whether dismissal, due to lack of compliance with an order to pay for a transcript of the proceedings below, necessary to determine some of the issues raised on

appeal to the district court, is an abuse of discretion. The dismissal will not be overturned on appeal unless we can say "the discretion granted to the district court by rule 83(s) 'clearly appears to have been exercised unwisely and to have been manifestly abused.'" *Matter of Estate of Mattson,* 99 Idaho 24, 25, 576 P.2d 1058, 1059 (1978) (quoting *Baldwin v. Ewing,* 69 Idaho 176, 180, 204 P.2d 430, 432 (1949)).

Valentine has not addressed this issue. While this appeal is from the order of the district court dismissing the appeal, Valentine, in his brief and in oral argument, did not make any assignments of error attributed to the district court's dismissal of his appeal. The issues raised by Valentine solely concern the actions of the magistrate division. The district court did not reach or address the merits of those issues. Therefore, they are not before us in this appeal. Valentine appears to be asking this court to perform the functions of the district court in an appellate capacity, rather than properly addressing the real issue of this appeal. Valentine makes no attempt to explain the failure to pay the transcript fee, other than to state that he disagrees with this requirement. However, this does not change the fact that payment is required and is an initial step in obtaining an adequate record for appeal. The record shows the transcript is needed in order to review at least some of the issues Valentine raised in his initial appeal. Valentine's refusal to pay the fee for the transcript subjected his appeal to dismissal at the district court's discretion. *See Anderson v. White,* 51 Idaho 392, 5 P.2d 1055 (1931) (appeal dismissed by Supreme Court for failure to pay transcript fees).

■ It should be noted that in the magistrate's division Valentine filed a "vow of poverty." This "vow" stated that he was a pauper because he was unable to own or possess any lawful money of the United States, which he determined to consist only of gold and silver coins. His assertion is frivolous in the face of countless federal and state decisions holding that federal reserve notes are legal tender and lawful money of the United States. *See e.g., Herald v. State,* 107 Idaho 640, 691 P.2d 1255 (Ct.App.1984). Had Valentine made even a prima facie showing of indigency, this might excuse the payment of the transcript fees on those grounds. *See* I.C. § 31-3220. However, on the record presented before us, Valentine has not shown indigency.

"Error will not be presumed from a silent record. We are restricted to the record before us and may not consider matters not presented in that record." *Schneider v. Curry,* 106 Idaho 264, 267, 678 P.2d 56, 59 (Ct.App.1984). We hold that an abuse of discretion has not been demonstrated. Therefore, we affirm.

Costs to respondents. No attorney fees awarded on appeal.

WALTERS, C.J., and BURNETT, J., concur.