733 P.2d 804

**Shane BERNARD and Joyce Bernard, husband and wife, Plaintiffs-Respondents,**

v.

**Delbert ROBY and Jane Doe Roby, husband and wife, and the Marital Community Comprised Thereof, Defendants-Appellants.**

**No. 16267.**

Court of Appeals of Idaho.

Feb. 13, 1987.

Lance D. Churchill (argued) and Laurence M. Bogert, Churchill & Vanderboegh, Boise, for defendants-appellants.

Nicholas Chenoweth and Scott L. Wayman (argued), Orofino, for plaintiffs-respondents.

WALTERS, Chief Judge.

In an action to recover damages for trespass and conversion committed through an alleged unauthorized removal of timber, a magistrate entered judgment against the defendant, Delbert Roby. Roby appealed to the district court. A district judge dismissed Roby's appeal when Roby failed to provide a transcript of the proceedings in the magistrate division. Roby now appeals from the order of dismissal, contending the

district court abused its discretion. We agree and hold that the district court erred by refusing to decide any issues on the appeal which could have been resolved without the use of a transcript. We reverse the order of dismissal and remand for further proceedings.

The case comes to us with the following background. Shane and Joyce Bernard, residents of California, owned a potential homesite in Lewis County, Idaho. Apparently, they were alerted by acquaintances in Idaho that someone was cutting timber on a portion of the property. Upon visiting the site they found that approximately two dozen trees of marketable size had been removed. After further investigation, they concluded that Delbert Roby had harvested the trees while logging neighboring property. They brought suit seeking damages for conversion, for statutory trespass pursuant to I.C. § 6–202 (cutting timber without permission), and for common-law trespass.

Roby, *pro se*, answered and counterclaimed. His counterclaim sounded in malicious prosecution. Roby moved for summary judgment. The court served notice on the parties, scheduling a pretrial conference, summary judgment hearing and trial all on the same date. When Roby appeared at the scheduled time, he objected to proceeding with the trial on the grounds that the notice he had received from the court was ambiguous. He contended that he had expected a pretrial conference and summary judgment hearing only, and was not prepared to present his full defense. He moved for a continuance. The magistrate found the notice proper and denied Roby's motion. The magistrate proceeded with the trial, sitting without a jury. Roby was able to present only those defense witnesses who were in attendance for the anticipated summary judgment hearing.

Following the trial, the magistrate found that Roby had "willfully and intentionally removed the trees" by trespass, but "the trespass was not a grossly negligent, wanton or reckless trespass."[1] The damage award included $5,000 for "the reduction of fair market value of the property with the trees removed," $872 for the "fair market value of the trees" (trebled to $2,616 pursuant to I.C. § 6–202), and $2,000 in attorney fees—for a total judgment of $9,616, plus costs. The cost award specifically included $665 for survey expenses.

Roby then retained counsel, and, pursuant to I.R.C.P. 83, appealed to the district court. He raised seven issues, contending: (1) that I.C. § 6–202 does not permit trebling of damages without a finding that the *trespass* was willful and intentional; (2) that the proof at trial showed other unknown parties to have been on the site and therefore the timber trespass damages should have been apportioned; (3) that the magistrate erred by holding the pretrial conference, summary-judgment motion hearing, and trial all on the same day; (4) that, as a result, Roby was not afforded a fair trial; (5) that the evidence presented at trial was insufficient to support the judgment; (6) that the award of costs and attorney fees was improper because Roby was not allowed a fair opportunity to present his case; and (7) that the award of survey costs was improper, because the survey was unnecessary.

Roby requested a trial de novo and a waiver of the appeal bond. Pursuant to I.R.C.P. 83(j), the district court found that the appeal involved "both questions of fact and questions of law," and determined that the appeal should *not* be heard as a trial de novo. The court found that a transcript was required for processing the appeal. The court ordered Roby to pay—within fourteen days—the estimated fee of $540 for preparation of the transcript. I.R.C.P. 83(j)(3)(C). Also, Roby was ordered to post $13,077.76 in security, to stay enforcement of the magistrate's judgment. I.R.C.P. 83(i); I.R.C.P. 62(a); I.A.R. 13(b)(14). Al-

1. We note that, although the trial was held on February 20, 1985, the magistrate's findings of fact and conclusions of law are dated February 8, 1985. The associated certificate of mailing is dated March 8, 1985, and the judgment also is dated March 8. We presume that the February 8 date is a typographical error.

though Roby later was given an additional fourteen-day extension, he still did not pay the transcript fee or post a supersedeas bond. Consequently, the Bernards moved to dismiss the appeal for failure to diligently prosecute, failure to pay transcript costs and failure to obey the court's order to post security. The district court granted the motion, finding that no good cause was shown for Roby's failure to make the necessary payments.

## I

On this appeal, Roby attacks both the dismissal by the district court and the underlying judgment entered by the magistrate. Also, as part of his challenge to the dismissal order, Roby contends the district court erred in determining that there should not be a trial de novo and in deciding that a transcript was necessary. The Bernards argue that this appeal should be limited to a review of the propriety of the district court's action in dismissing the appeal. For reasons discussed below, we agree that this appeal should be limited to the dismissal order only, and that the merits of the review of the magistrate's judgment—which the district judge did not reach—should be decided in the first instance by the district court.

■ We first address the district court's decision to order a transcript and not to hear the appeal as a trial de novo. Idaho civil procedure rule 83(j)(2) provides four means by which a district judge may process an appeal from the magistrate division: (1) if the appeal involves questions of law alone, an appeal may be determined without ordering a transcript and without ordering a trial de novo; (2) the appeal may be determined by listening to recordings of the proceedings; (3) a transcript of the trial or proceedings before the magistrate may be ordered; or (4) the appeal may be heard as a trial de novo. Roby has presented no compelling reason for a trial de novo, aside

from his contention that he was denied a fair trial in the magistrate division. This bare assertion does not mandate hearing the appeal as a trial de novo. The choice is committed to the sound discretion of the district judge. We find no error in the district court's conclusion not to allow a trial de novo.

■ Neither do we find an error in the court's decision to order preparation of a transcript. Roby's notice of appeal from the magistrate's judgment clearly included issues requiring a review of the trial record. The district judge had the choice of either listening to recordings or of ordering a transcript. Whether for convenience or other purposes, the district judge ordered a transcript. This choice was within the district court's discretion. We are not persuaded the court abused its discretion in that regard.[2]

## II

We now turn to the principal question on appeal: may a district court dismiss an appeal when issues of both law and fact are presented and the appellant refuses to pay transcript fees? We have had occasion to address this issue before. In *State ex rel. Goodwin v. Valentine*, 107 Idaho 1033, 695 P.2d 418 (Ct.App.1985), we were presented with a comparable dismissal of an appeal from the magistrate division, for refusal to pay transcript fees in the district court. There, as here, the appeal was taken upon issues of both law and of fact. The district court determined a transcript was necessary and dismissed the appeal when the appellant refused to pay for the cost of the transcript. We held that the district court did not abuse its discretion in dismissing the appeal. We stated:

The record shows the transcript is needed in order to review at least some of the issues Valentine raised in his initial ap-

---

**2.** Rule 83(k), I.R.C.P., places the cost of the transcript on the appellant. Here Roby sought, and was granted, additional time to pay the estimated cost. After the appeal had been dismissed, Roby applied for a waiver of fees under I.A.R. 27(e). Following an "informal inquiry" under I.C. § 31–3220, the district judge found that Roby was not indigent. Roby has not contested that finding on appeal.

peal. Valentine's refusal to pay the fee for the transcript subjected his appeal to dismissal at the district court's discretion.

*Id.* at 1035, 695 P.2d at 420.

The Bernards assert that *Goodwin* permits dismissal of an appeal by the district court whenever the appellant fails to comply with an order to pay transcript fees. Their interpretation is overly broad. The holding in *Goodwin* must be viewed in context. That case involved the collection of child support. As a defense to the action, and as an excuse for not paying for a transcript on appeal, the appellant asserted a "vow of poverty" grounded in his inability to possess lawful money of the United States, which he determined to consist only of gold and silver coins. We held that his position was "frivolous" in the face of numerous decisions holding federal reserve notes to be legal tender and lawful money. *Goodwin* is distinguishable from the instant case on the sole ground that the legal issue there was frivolous on its face, warranting a summary dismissal. Here,—as we point out in subpart B, *infra*—Roby raised issues of law that facially appear to warrant consideration on their merits. We believe those issues should not be extinguished by dismissal for lack of a transcript if a transcript is not essential to deciding them. We therefore will examine the issue in this case, in light of its distinction from *Goodwin*.

■ The dismissal will not be overturned on appeal unless the discretion granted the district court by I.R.C.P. 83(e) clearly appears to have been exercised unwisely and to have been manifestly abused. *State ex rel. Goodwin v. Valentine, supra.* The relevant part of Rule 83(s), I.R.C.P., provides: "Failure of a party to timely take any other step in the appellate process [other than timely filing a notice of appeal] shall not be deemed jurisdictional, but may be grounds only for such other action or

sanction as the district court deems appropriate, which may include dismissal of the appeal." Failure to file a transcript with an appellate court will not invalidate the appeal or deprive the court of jurisdiction. I.R.C.P. 83(s); *Duff v. Bonner Bldg. Supply, Inc.,* 103 Idaho 432, 649 P.2d 391 (Ct. App.1982), *aff'd* 105 Idaho 123, 666 P.2d 650 (1983); *Paris v. Ramp,* 26 Wash.App. 517, 614 P.2d 204 (1980). The scope of review is specified in Rule 83(u)(1):

> Upon an appeal from the magistrate's division of the district court, not involving a trial de novo, the district court shall review the case on the record and determine the appeal as an appellate court in the same manner and upon the same standards of review as an appeal from the district court to the Supreme Court under the statutes and law of this state, and the appellate rules of the Supreme Court.

■ In respect to the role of an intermediate appellate court (such as the district court in this case), the Arizona Supreme Court has held that because the filing of a transcript ordinarily is permissive, "even if no transcript is forwarded on appeal, the reviewing court *must* consider questions of law which are raised by the partial record transmitted to the court." *Orlando v. Northcutt,* 103 Ariz. 298, 441 P.2d 58, 60 (1968) (emphasis added), citing *Hall v. Bowman,* 88 Ariz. 409, 357 P.2d 149 (1960). *See also Smith v. Smith,* 115 Ariz. 299, 564 P.2d 1266 (App.1977). At the Supreme Court level our appellate rules similarly provide that a transcript is included in the record at the discretion of the appellant. I.A.R. 17(g).[3] In appeals to the district court, the decision whether to include a reporter's transcript is placed in the hands of the district judge. I.R.C.P. 83. Where the district court does not order such a transcript, apparently the filing of a transcript with an appeal then becomes optional with the appellant.

---

**3.** An appellant bears the burden of presenting an adequate record to support the issues raised on an appeal. Failure to provide a transcript may preclude a review of any issue which depends upon such a transcript for resolution. *Carpenter v. Double R Cattle Co., Inc.,* 108 Idaho 602, 701 P.2d 222 (1985); *Rutter v. McLaughlin,* 101 Idaho 292, 612 P.2d 135 (1980).

Rule 83 does not prohibit a review by the district court when a transcript has not been provided. The rule specifically permits such a review in certain cases. "If an appeal is filed as to a question of law alone, not requiring reference to the testimony of the trial or hearing, the district court may determine the appeal without ordering any transcript of the proceedings." I.R.C.P. 83(j)(1).

■ Whenever possible, a ruling on the merits of an appeal should be rendered. *Bunn v. Bunn*, 99 Idaho 710, 587 P.2d 1245 (1978). *Accord Irby v. Christian*, 130 Ga.App. 375, 203 S.E.2d 284 (1973), *rev'd Department of Public Safety v. Irby*, 232 Ga. 384, 207 S.E.2d 23 (1974) (on other grounds). "[P]rocedural regulations should not be so applied as to defeat their primary purpose, that is, the disposition of causes upon their substantial merits without delay or prejudice." *Stoner v. Turner*, 73 Idaho 117, 121, 247 P.2d 469, 471 (1952). Idaho's rules of civil procedure are to "be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." I.R.C.P. 1(a). With respect to appeals to the district court, Rule 83(x) provides "these rules shall be construed to provide a just, speedy and inexpensive determination of all appeals."

In *Bunn v. Bunn, supra,* our Supreme Court reviewed a district court's dismissal of an appeal from the magistrate division. The dismissal had been entered because of lack of diligent prosecution when the appellant failed to timely file a transcript of the magistrate's proceedings. Determining that the district court abused its discretion, the Court stated:

A "determination" of an action within the meaning of [I.R.C.P.] 1 is meant to be a *determination* of the controversy on the merits—not a *termination* on a procedural technicality which serves litigants not at all. A determination entails a finding of the facts and an application of the law in order to resolve the legal rights of the litigants who hope to resolve their differences in the courts.

The "liberal construction" of the rules required by Rule 1, while it cannot alter compliance which is mandatory and jurisdictional, will ordinarily preclude dismissal of an appeal for that which is but technical noncompliance. This will be especially so where no prejudice is shown by any delay which may have been occasioned. Rule 83(s), which governs appeals from magistrate court to district court, does not require dismissal for failure of an appellant to punctually take any of the required steps; *specifically* dismissal is but *a* sanction, albeit the ultimate one, for failing to diligently process an appeal. Judicial discretion, the exercise of which may result in an appeal's dismissal, must be a *sound* judicial discretion. Sound judicial discretion properly exercised will reflect the judicial policy of this State developed over many years by case law, and lying within the spirit of liberality mandated by Rule 1. [Emphasis original.]

*Id.,* 99 Idaho at 712, 587 P.2d at 1247. In a slightly different vein, we upheld a district court's refusal to dismiss an appeal, concluding:

[F]ailure of a party to timely take any step in the appeal—other than filing the notice of appeal or cross-appeal—is not jurisdictional, but may be grounds for such sanction as the district court deems appropriate, including dismissal of the appeal. I.R.C.P. 83(s). The sanctions for failing to diligently prosecute an appeal from the magistrate division are discretionary with the district court. Sound judicial discretion in refusing to invoke a sanction will not be disturbed on appeal. In light of the judicial policy of encouraging resolution of legal disputes on the merits, we find no abuse of discretion by the district court in its refusal to dismiss the appeal from the magistrate division.

*Duff v. Bonner Bldg. Supply, Inc., supra,* 103 Idaho at 436, 649 P.2d at 395.

■ In the absence of an adequate record to decide a case, or a sufficient reason for failure to produce a record, the appellate court may summarily affirm.

*See, e.g., State v. ex rel. Hodges v. Hodges,* 103 Idaho 765, 653 P.2d 1177 (1982). Where the record is sufficient to resolve some issues, those issues should be decided on the merits. *E.g. Brattrud v. Town of Exline,* 628 F.2d 1098 (8th Cir.1980); *Thomas v. Computax Corp.,* 631 F.2d 139 (9th Cir.1980). Appeals will be dismissed only for good reason and on grounds recognized by statute or by rule, or because of such substantial defects as to render impossible a proper disposition of the cause on appeal. 5 C.J.S. *Appeal and Error* § 1353 (1958). An appeal should not be dismissed automatically in every instance where the rules of civil or appellate procedure have not been strictly followed. *Yetter v. Kennedy,* 175 Mont. 1, 571 P.2d 1152 (1977). Dismissal for noncompliance with the rules of appellate procedure is discretionary, but "[s]ound judicial discretion properly exercised will reflect the judicial policy of this State...." *Bunn v. Bunn, supra,* 99 Idaho at 712, 587 P.2d at 1247.

Failure to procure a transcript may constitute failure to diligently prosecute, *Anderson v. White,* 51 Idaho 392, 5 P.2d 1055 (1931); *Stripling v. PMC Realtors, Inc.,* 83 N.M. 170, 489 P.2d 883 (1971); *but see Evans v. City of American Falls,* 51 Idaho 89, 1 P.2d 632 (1931) (where appellant not cause of delay). In *Bistline v. Eberle,* 88 Idaho 473, 401 P.2d 555 (1965), our Supreme Court was presented with a motion to dismiss the appeal because the appellant had failed to timely file a transcript of the lower court's proceedings. The Court refused to dismiss, noting that such a sanction was discretionary and should not be invoked in the absence of a showing of prejudice to the respondent. Here, the Bernards claim that they were prejudiced by Roby's failure to pay transcript fees. They urge they were forced to delay executing on the judgment because execution costs would be wasted in the

event the trial court's judgment was reversed. However, no stay of execution of the judgment was in effect. Any judgment is subject to reversal on appeal, but this risk alone does not justify dismissal.[4] The district court was free to rule on the merits of issues of law raised by Roby. We are unpersuaded that the Bernards were prejudiced by Roby's failure to provide the district court with a transcript of the lower court proceedings.

In the alternative, the Bernards argue that the decision to dismiss should be upheld because Roby failed to post security as ordered. We find this theory without merit. As noted, no stay was in effect. Failure to post security merely exposed Roby to execution of the magistrate's judgment. *See* I.A.R. 13(b)(14). It would not foreclose an appeal, or alone, be an appropriate ground for dismissal.

▅▅▅▅ We conclude the district court exercised its discretion unwisely. Where an appellant finds it financially or otherwise impractical to pay the cost of the transcript, the appellant should have the option of proceeding on the merits of the questions of law raised in the appeal. Dismissal for failure to pay transcript costs may be appropriate where all issues on appeal require a transcript, such as those which challenge the sufficiency of the evidence; but Roby's appeal included questions of law that facially appear not to require a transcript. We hold that the district court in this case must address any relevant questions of law that can be resolved without a transcript.[5]

### III

We have held that the district court erred in ordering the appeal dismissed. Because the issue before us was narrowly framed by the form of the appeal, our opinion has been limited to a review of the district court's dismissal of the first-level appeal.

---

4. It seems to us that many judgment creditors would prefer to execute and have a "bird in hand" while the case is on appeal.

5. In some circumstances a transcript may not be necessary to determine whether error oc-

cured but may be essential to determine whether an error is harmless. In such event, the appellant's failure to provide a transcript would preclude a reversal of the judgment below.

Of the issues raised by Roby on his appeal from the magistrate's judgment, at least two apparently could have been addressed without a transcript. They are: (a) whether the findings made by the magistrate supported a statutory award of treble damages, and (b) whether it was appropriate for the magistrate to schedule a pretrial conference, summary judgment hearing and trial for the same time on the same day. We believe that Roby—at the very least—was entitled to have those questions of law examined.

Although judicial efficiency might favor our reaching these questions ourselves, we believe it would be inappropriate to do so at this point in the appellate process. The parties have not fully developed their arguments on the collateral issues before this Court; rather, they have concentrated upon the propriety of the district court's dismissal. The district court is properly the first tier of appellate review from a trial in the magistrate division.

Accordingly, we reverse the order of dismissal and remand the case to the district court. Costs to appellants. No attorney fees on appeal.

BURNETT and SWANSTROM, JJ., concur.