## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 44582

| | |
|---|---|
| DANIEL M. DAVIS, | ) 2017 Unpublished Opinion No. 514 |
| | ) |
| Plaintiff-Appellant, | ) Filed: July 3, 2017 |
| | ) |
| v. | ) Karel A. Lehrman, Clerk |
| | ) |
| CHARLES C. CRAFTS and JOHN E. SUTTON, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendants-Respondents. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order dismissing complaint, <u>affirmed</u>.

Daniel M. Davis; Lompoc, California, pro se appellant.

John E. Sutton; Boise, pro se respondent.

Charles C. Crafts; Boise, pro se respondent.

_____

HUSKEY, Judge

Daniel M. Davis appeals from the district court's order in which the court dismissed Davis's complaint with prejudice. Davis makes two arguments on appeal: First, Davis argues the district court erred because Davis submitted sufficient evidence supporting the complaint in this matter. Second, Davis asserts the district court denied his due process right to a fair trial. Because Davis failed to include legal authority for the claims of legal malpractice, conversion, and due process violations, Davis waives these issues on appeal. Furthermore, because Davis failed to provide this Court with transcripts from the district court, we find no evidence of abuse of discretion in the district court's ruling. Therefore, we affirm the district court.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The district court's findings of fact have not been shown to be erroneous and we adopt them on appeal. The facts and procedural history are summarized as follows:

Davis hired Crafts to represent him in federal court. Davis authorized Crafts to associate with Sutton for joint representation. Davis agreed to pay the following attorney fees: $150 per hour for Crafts and $250 per hour for Sutton. Crafts and Sutton represented Davis through the course of his federal case, including the negotiation of a plea agreement and sentencing. Crafts billed $26,490 for his work, but only received payment of $11,950. Sutton billed $40,162.50 for his work and $450 for reimbursement of a competency examination fee, but only received $15,100. The district court determined each attorney charged Davis reasonable fees in the case. Davis authorized Sutton to make a $15,100 charge on Davis's credit card. Additionally, Davis authorized Crafts and Sutton to keep certain electronic equipment, some cash, a coin collection, and three tubs of clothing. Federal law enforcement seized the electronic equipment and there is no record of the disposition of the clothing. Crafts sold the coin collection, after specific authorization by Davis, with the proceeds going toward the payment of legal fees.

Davis filed a complaint with the Caldwell Police Department against Crafts and Sutton for the theft of various items, including the coin collection. However, the district court found no evidence of a criminal investigation on the matter and found no evidence of additional property taken by Crafts or Sutton. Davis also filed an ethics complaint with the Idaho State Bar which was terminated in favor of Crafts and Sutton.

Davis then filed a pro se civil complaint against Crafts and Sutton, alleging "neglect, fraud, misrepresentation, malfeasance, malpractice, unjust enrichment, unethical conduct, conversion, conspiracy, theft, and destruction of exculpatory and medical records." At the summary judgment hearing, the district court dismissed Davis's claim regarding legal malpractice because the claim was outside the two-year statute of limitations.[1] Davis filed a motion for reconsideration and attached a memorandum in support of his motion. The memorandum asserted that equitable tolling was warranted in this case because Davis did not

---

[1]  We do not have evidence of this untimeliness in the record on appeal. However, both parties admit that Davis's legal malpractice claim was barred by the statute of limitations and this conclusion is supported by the subsequent pleadings.

have access to his legal materials for two separate four-month occasions. Davis argued he had filed the malpractice claim within the statute of limitations because eight additional months must be added to any calculation. The district court did not rule on Davis's motion for reconsideration, and Davis never noticed the motion for hearing. Two court trials occurred, of which we only have court minutes and no transcripts. The district court issued its findings of fact and conclusions of law, which stated: "Plaintiff's claim of conversion fails for lack of proof that the taking of the coin collection or the money, either the cash or the charges against the credit card, were wrongful." The district court dismissed Davis's complaint with prejudice. Davis timely appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion; acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

## III.

## ANALYSIS

### A. The District Court Did Not Err in Dismissing Davis's Malpractice Claim

Davis failed to sufficiently argue his legal malpractice claim to the district court. Davis's complaint stated that "any pertinent statute of limitation should be tolled," but Davis failed to provide any legal authority or additional explanation on the matter. The complaint's only justification for tolling the statute of limitations explained that Davis exercised due diligence in seeking relief to the best of his ability. We find this statement does not provide the requisite legal authority and, standing alone, is insufficient to justify an extension of the statute of limitations.

In a memorandum brief in support of his motion for reconsideration, Davis provided additional explanation why equitable tolling was warranted. Davis explained at greater length how his legal materials were only available at the federal correctional institute in Lompoc, California. As a result, Davis asserted he did not have access to his legal materials for eight and

one-half months because he was transferred away from Lompoc, California, on two occasions-- once to the U.S. District Court for an evidentiary hearing and once to the Washington County jail in Weiser, Idaho. Davis concluded again that the statute of limitations should have been tolled for that period of time, therein making his malpractice claim timely. However, we do not consider any new claims Davis raised in his motion for reconsideration because: (1) the plain language of the rule governing motions to reconsider bars novel claims; and (2) considering new claims would result in undue prejudice to the defendants. *Pandrea v. Barrett*, 160 Idaho 165, 173-74, 369 P.3d 943, 951-52 (2015).

On appeal, Davis did not supply this Court with transcripts from the trial proceedings or any additional evidence of legal malpractice. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Any missing portions are presumed to support the trial court's ruling. *Kugler v. Drown*, 119 Idaho 687, 690, 809 P.2d 1166, 1169 (Ct. App. 1991). Further, failure to provide a transcript may preclude a review of any issue which depends upon such a transcript for resolution. *Bernard v. Roby*, 112 Idaho 583, 587 n.3, 733 P.2d 804, 808 n.3 (Ct. App. 1987). In this case, the district court held at least three substantive hearings, one of which involved a summary judgment proceeding regarding the legal malpractice claims. However, Davis failed to provide transcripts of these proceedings, and the record contains only the court minutes of each hearing. It is unclear when and to what extent Davis presented evidence of legal malpractice, and the district court did not provide written findings in this regard. Because the transcripts are not available on appeal, we have no grounds to disagree with the district court's determination that Davis's malpractice claim was barred by the statute of limitations. We therefore find no error with the district court's order.

Furthermore, Davis does not provide authority for his legal malpractice claim. A party waives an issue on appeal if either argument or authority is lacking. *Powell* at 128, 937 P.2d at 440. On appeal, Davis provides specific objections to the district court's factual findings and provides his own perspective on the events that transpired. It appears Davis's objections to the court's factual findings are intended to support Davis's original legal malpractice claim. However, in no instance does Davis cite to legal authority for these assertions. Because Davis does not provide authority for his legal malpractice claim, Davis waives this issue on appeal.

Furthermore, since Davis failed to argue his legal malpractice claim to the district court and did not provide this Court with any transcripts on appeal, we determine the district court did not err in finding Davis's legal malpractice claim was barred by the two-year statute of limitations.

**B.      The District Court Did Not Err When It Denied Davis's Conversion Claim**

In his civil complaint, Davis also alleged the defendants were guilty of conversion. Unlike the legal malpractice claim, the district court did not dismiss the conversion claim at the summary judgment hearing as barred by the two-year statute of limitations. Instead, the district court issued the following finding in its findings of fact and conclusion of law: "Plaintiff's claim of conversion fails for lack of proof that the taking of the coin collection or the money, either the cash or the charges against the credit card, were wrongful."

On appeal, Davis objects to the district court's factual finding that there was no evidence of conversion in this case. In support of his argument, Davis explains there were two coin collections taken and two credit cards used by Craft and/or Sutton (instead of one coin collection and one credit card, as indicated by the district court), although no sale or charge was authorized. Davis asserts that due to the taking and misusing of Davis's property, the defendants committed wrongful conduct that was proven beyond a reasonable doubt. We disagree for two reasons.

First, Davis failed to supply this Court with any transcript of a trial proceeding. It is the appellant's responsibility to provide the record on appeal, and without an adequate record, we will not presume error by the district court. *Powell*, 130 Idaho at 127, 937 P.2d at 439. In this case, the district court clearly issued factual findings regarding the conversion claim. The district court issued the following findings of fact: Davis hired Crafts for legal representation; Davis authorized Crafts to associate with Sutton for the case; Davis agreed to pay reasonable attorney fees to the defendants; defendants represented Davis through the federal case; Crafts and Sutton did not receive full payment for their services; Davis authorized Sutton to make charges on Davis's credit card; and Davis authorized the sale of a coin collection for payment of legal fees. Any missing portions of the record are deemed to support the district court's factual findings, which include the statements regarding the fees, the payments, and Davis's authorization to use the credit card. Because the district court found there was nothing wrongful about the taking of Davis's coin collection or money, and because we take these factual findings to be correct, we affirm the district court.

Second, Davis does not provide authority for his conversion claim. Although Davis makes several arguments to support why conversion occurred in this case, he failed to provide any legal authority on the issue. Because Davis does not provide authority for his conversion claim, and because *Powell* requires legal authority on appeal, Davis waives the issue of conversion. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Therefore, since we cannot presume error without the transcript, and even in the alternative, Davis waives the issue on appeal for lack of legal authority, we affirm the district court's holding that Davis's conversion claim fails.

**C.     The District Court Did Not Deny Davis's Right to a Fair Trial**

On appeal, Davis asserts that he was denied due process and the right to a fair trial. Specifically, Davis claims the district court failed to issue rulings on eight motions made before his trial and by doing so, undermined Davis's ability to prosecute the case. Davis also takes issue with the length of the proceedings and the district court's prevention of remote testimony by a key witness. However, Davis fails to provide legal authority in support of his arguments. Davis offers no standard by which we can consider these issues and no case law from which this Court can interpret the due process violations. *Powell* is clear that a party waives an issue on appeal if authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440. Therefore, due to the lack of legal authority on the due process claims, Davis waives this issue on appeal.

**IV.**

**CONCLUSION**

Because Davis does not provide authority or supply this court with transcripts from trial, we cannot find the district court abused its discretion when it dismissed Davis's complaint. Therefore, we affirm the district court's order dismissing Davis's complaint.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.

6