**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51088**

| | |
|---|---|
| In the Matter of: Jane Doe I, A Child Under Eighteen (18) Years of Age. ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, ) ) ) | Filed: January 9, 2024 |
| Petitioner-Respondent, ) ) | Melanie Gagnepain, Clerk |
| v. ) ) | |
| JANE DOE (2023-34), ) ) | |
| Respondent-Appellant. ) ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lamont C. Berecz, District Judge. Hon. Anna M. Eckhart, Magistrate.

Judgment of the district court on intermediate appeal from the magistrate court, affirmed; order awarding attorney fees as a sanction, reversed.

Derek A. Pica, Boise, for appellant. Derek A. Pica argued.

Hon. Raúl R. Labrador, Attorney General; Denise L. Rosen, Deputy Attorney General, Coeur d'Alene, for respondent. Denise L. Rosen argued.

---

GRATTON, Chief Judge

Jane Doe (Doe) appeals from the district court's intermediate appellate decision affirming the magistrate court. Doe argues the district court erred by affirming the magistrate court's amended permanency hearing order and various ancillary orders in the Child Protection Act (CPA) case. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of Jane Doe I (Child). When Child was born, both Doe and Child tested positive for Subutex, a medication to treat opioid addiction. The Idaho Department of Health and Welfare (Department) met with Doe who stated she was homeless, unemployed, and did not have

1

the means to care for Child. Law enforcement sheltered Child. The Department and Doe discussed placement. Doe indicated her cousin and husband (collectively, "the relatives") had expressed an interest in adopting Child, though at one point had changed their minds. The relatives reside in Indiana.

On December 13, 2021, the Department initiated a child protection action, and the following day the magistrate court held a shelter care hearing. At the shelter care hearing, Doe stipulated to an unstable home environment and, thus, Child remained under the temporary legal custody of the Department pending the adjudicatory hearing. Prior to the adjudicatory hearing, Doe again stipulated to the entry of an adjudicatory decree. The parties then presented the magistrate court with a written stipulated CPA adjudicatory decree, and the magistrate court entered the decree on January 19, 2022. Legal custody of Child was thus vested in the Department. Doe did not appeal the adjudicatory decree.

During the pendency of the CPA case, the relatives filed a motion to intervene and the Department objected. The relatives also filed a verified petition for adoption in the state of Indiana. The Department petitioned the magistrate court for a jurisdictional determination under the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA). The magistrate court, after conferring with the Indiana court, determined that Idaho was Child's home state and denied the relatives' motion to intervene. The magistrate court found that the relatives did not have a mandatory or permissive right to intervene, Doe had stipulated to legal custody of Child with the Department, and Doe did not, at that time, maintain a right to determine where and with whom Child would be placed. As a result of the motion to intervene being denied, the relatives filed a petition to terminate and adopt Jane Doe in Kootenai County Case No. CV28-22-4268. After extensive briefing and argument, upon motion of the Department, the magistrate court dismissed the petition. In so doing, the magistrate court held that the CPA case is the only case in which an adoption for Child could be filed. Neither the relatives nor Doe appealed.

After the case plan was adopted and prior to the first review hearing, the Department filed its first progress report, noting that Doe had video visits with her relatives. However, the relatives were no longer being considered a permanent placement option due to Indiana denying the relatives' request as a result of the husband's criminal history. During regular review hearings, the magistrate court found the Department made reasonable efforts to reunify Child with Doe, but

2

reunification was contrary to the welfare and best interests of Child. Doe chose not to comply with the case plan and made it clear that she did not wish to reunify with Child.

Doe filed a motion to revoke the CPA adjudicatory decree. Doe asserted she could provide a stable home environment by consenting to the relatives adopting Child and that she maintained the absolute right to consent to the adoption. The magistrate court held a review and permanency hearing and, thereafter, entered an amended permanency hearing order approving pursuing termination of parental rights without reunification efforts as the permanency goal. The order instructed the Department to file its petition for termination of Doe's parental rights within thirty days. The order also stated the relatives no longer wished to adopt Child. A month later, the magistrate court entered its order denying Doe's motion to revoke the CPA adjudicatory decree. The magistrate court found a petition for adoption had not been filed in the case in which the court retained exclusive jurisdiction. Doe appealed from the amended permanency hearing order and the prior order denying her motion to revoke the CPA adjudicatory decree.

During the appeal, Doe requested additional time to submit her appellant's brief to the district court. The guardian ad litem (GAL) filed an objection, a motion for sanctions, and sought dismissal of the appeal. Ultimately, the district court granted Doe's two-day extension to file her brief, but ordered Doe's counsel to pay the GAL's attorney fees in the amount of $300 as a sanction. The district court found it lacked jurisdiction to hear three of the four issues Doe raised on appeal and affirmed the magistrate court's amended permanency hearing order. Doe timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

3

**III.**

**ANALYSIS**

Doe argues the district court erred by affirming the magistrate court. Specifically, Doe contends the district court erred by: (1) affirming the amended permanency hearing order; (2) ruling it lacked jurisdiction to review the magistrate court's determination that it had exclusive authority over adoption; (3) affirming the magistrate court's determination that it need not consider Doe's consent relative to the permanency order; (4) finding that the order denying Doe's motion to revoke the CPA adjudicatory decree was not appealable under Idaho Code § 16-1625; and (5) ordering a sanction for the GAL responding to the extension motion. Lastly, Doe asserts she is entitled to attorney's fees pursuant to I.C. §§ 12-117, 12-121, and 12-123. The Department argues the amended permanency hearing order was the only appealable order properly before the district court once Doe stipulated to jurisdiction. The Department further argues that the district court did not err in affirming the magistrate court because the magistrate court has exclusive jurisdiction over all proceedings and retains jurisdiction until terminated by the court.

**A.      The Amended Permanency Hearing Order**

Pervasive throughout Doe's arguments on appeal is Doe's assertion that the Department lacked standing relative to the amended adjudicatory order and motions in the CPA case, and the magistrate court was without jurisdiction to proceed in the CPA case. Doe asserts that she retained residual parental rights to consent to adoption. Therefore, upon her consent for the relatives to adopt, the Department no longer had standing to proceed with termination and the magistrate court had no jurisdiction to enter contrary orders. In support, Doe relies on I.C. § 16-1619(5)(b). The Department argues the magistrate court obtained exclusive jurisdiction through the CPA that was never terminated and the Department maintained vested legal custody. The Department further contends that Doe's residual rights may only be exercised within and with the magistrate court's approval in the CPA case.

Doe acknowledges that the magistrate court had jurisdiction in the CPA case upon the petition by the Department, her stipulations, and the magistrate court's findings culminating in the adjudicatory decree. Doe further acknowledges that the Department had valid legal custody of Child at that time. However, Doe asserts I.C. § 16-1619(5)(b) provides that, after entry of the adjudicatory decree, she retained and validly exercised her residual right to consent to adoption,

4

thereby divesting the magistrate court of jurisdiction and eliminating the Department's standing to take action in the CPA case.[1]

The magistrate court has the exclusive original jurisdiction in all proceedings over a child who is living or found within the state when the parents or other legal custodian fail to provide a stable home environment. I.C. § 16-1603(l)(b). The jurisdiction obtained by the court under the CPA is retained until the child's eighteenth birthday unless terminated prior thereto. I.C. § l6-1604(1). If jurisdiction results in legal custody being vested in the Department, the Department has the authority to determine where and with whom the child shall live, provided that the child shall not be placed outside the state without the CPA court's consent. I.C. § 16-1629(8).[2]

The CPA court has exclusive jurisdiction of an action to terminate the rights of a parent unless the court consents to a different venue or jurisdiction in the best interests of the child. I.C. § l6-2003. If an adoption arises from a CPA case, the petition to adopt must be filed in the court having jurisdiction over the CPA case unless that court relinquishes jurisdiction over the adoption proceeding. I.C. § l6-1506(l). Nonetheless, residual rights remain with a parent even after the transfer of legal custody to the Department and include the right to consent to adoption. I.C. § 16-1602(41). Where the Department has legal custody of the child, both the mother's and the Department's consent to adoption is required. I.C. § 16-1504(1)(c) and (f).[3]

A parent's consent is subject to approval of the CPA court, and the adoption may be denied if it is not in the child's best interests. *Idaho Dep't of Health and Welfare v. Hays*, 137 Idaho 233, 236, 46 P.3d 529, 532 (2002). A parent's consent to place a child with an adoptive parent is subject

---

[1] Standing is jurisdictional, can be raised at any time, and the Court has a duty to raise it sua sponte. *Paslay v. A & B Irrigation District*, 162 Idaho 866, 870, 406 P.3d 878, 882 (2017); *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012). Subject matter jurisdiction may be raised at any time, and the court has a sua sponte duty to ensure that it has subject matter jurisdiction over the case. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010).

[2] Idaho Code § 16-1629(8) also states the court retains jurisdiction over the child and all matters relating to them. In addition, the court must approve placing the child back in the home the child was removed from and, "[n]otwithstanding the provisions of this subsection, all other determinations relating to where and with whom the child shall live shall be subject to judicial review by the court and, when contested by any party, judicial approval."

[3] Idaho Code § 16-1504(1)(a)-(i) lists the persons and entities from which consent for adoption is required and includes (c) the mother of an adoptee born outside of marriage; *and* (f) any legally appointed custodian or guardian of the adoptee.

to the Department's approval, since only the Department has the authority to determine where the child should live. *Idaho Dep't of Health & Welfare v. Doe*, 164 Idaho 883, 889, 436 P.3d 1232, 1238 (2019). Moreover, where the Department has legal custody of the child, the Department's consent to adoption is also required. I.C. § 16-1504(1)(f). Once the Department has legal custody of a child under the CPA, a court's authority over that child is limited to judicial review approving placement. *Doe*, 164 Idaho at 889, 436 P.3d at 1238. As noted in *Hays*, the Department is vested with the authority to select who should adopt a child; the magistrate court does not have the authority to select adoptive parents. *Hays*, 137 Idaho at 237, 46 P.3d at 533. A parent may petition to contest placement, but the CPA court has ultimate review authority through approval or disapproval. *Doe*, 164 Idaho at 889, 436 P.3d at 1238.

Termination of parental rights through voluntary consent occurs where the consent is filed "in conjunction with a petition for adoption initiated by the person or persons proposing to adopt the child, or where the consent to termination has been filed by a licensed adoption agency[.]" I.C. § 16-2005(5); *Idaho Dept't of Health and Welfare v. Doe (2017-21)*, 163 Idaho 83, 94, 408 P.3d 81, 92 (2017). While a parent has a right to consent to adoption and this is accomplished in the CPA case, this right must be exercised in conjunction with the Department's authority to place the child, and the adoption will fail unless the Department also consents. *Doe v. Idaho Dep't of Health & Welfare*, 150 Idaho 491, 495, 248 P.3d 742, 746 (2011) (prospective adoptive parents needed the Department's consent which was refused and, thus, they could not adopt and the court could not grant adoption without the Department's agreement).

Doe asserts her residual rights under I.C. § 16-1619(5)(b)[4] permitted her to consent to the adoption despite the Department's legal custody and the CPA court's jurisdiction. Doe argues that, when she exercised her residual rights, the Department no longer had standing to pursue termination of Doe's parental rights. In essence, Doe argues an absolute right to consent to adoption regardless of the legal custody of the Department and the jurisdiction of the magistrate court in the CPA case. Doe is correct in that the statute states that custody in the Department is subject to her residual parental rights, including consent to adoption, but fails to acknowledge that

---

[4]     Idaho Code § 16-1619(5)(b) provides that upon entering the adjudicatory decree the court shall consider any information relevant to the disposition of the child but shall "[v]est legal custody in the department or other authorized agency subject to residual parental rights and subject to full judicial review by the court and, when contested by any party, judicial approval of all matters relating to the custody of the child by the department or other authorized agency."

the exercise of her residual parental rights is not absolute and must comply with the legal procedure and designation of authority.

Contrary to Doe's argument, the phrase "subject to" in I.C. § 16-1619(5)(b) does not grant her absolute authority to consent to adoption despite legal custody in the Department and jurisdiction in the magistrate court in the CPA proceeding. Idaho Code § 16-1602(41) defines "residual parental rights and responsibilities" as those rights and responsibilities remaining with the parents after the transfer of legal custody and includes the right to consent to adoption, visitation, determine religious affiliation, family counseling, and responsibility for support. The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). The plain language of the statute provides that, aside from consent to adoption, residual parental rights include such matters as visitation, religious affiliation, counseling, and support. Doe does not argue that these residual rights are absolute. Yet, the Department's authority is also "subject to" these residual rights. Indeed, Doe acknowledges, as she must, that the Department, having been vested with custody, retains power and authority to determine visitation and counselling. Construing the statute as a whole, the Department's authority being "subject to" these residual rights requires that the Department consider and respect these rights incident to its custody of a child and reunification efforts through a case plan in the CPA proceeding. There is no basis in the language of the statute from which to conclude that the residual parental right to consent to adoption is treated differently from the other residual rights delineated therein.

Further, Doe's interpretation of residual rights would vitiate the Department's authority to maintain the health and welfare of a child within the scope of the CPA. Doe's residual rights are not absolute or preemptive rights; rather, the residual consent authority is subservient to the Department's lawful protective powers once the CPA is triggered. Idaho Code § 16-1619(5)(b) does not preempt the need for Department consent. Nor does it affect the magistrate court's jurisdiction and authority in the CPA proceeding. Therefore, the district court correctly affirmed the magistrate court's exercise of authority to enter the amended permanency hearing order.

7

In addition to arguing that the magistrate court could not validly enter the amended permanency order, Doe contends that the magistrate court erred in entering the amended permanency hearing order. Specifically, Doe argues that the district court erred as a matter of law when it ruled the magistrate court had no duty to consider Doe's consent to adoption relative to the permanency order. Doe contends that once she exercised her statutory right to consent, the court was required to consider her wishes because the Department's legal custody was then subject to her residual right, and I.C. § 16-1629(8) no longer applied. The district court held:

> [Doe] also argues that the magistrate court failed to consider her desire for placement. However, "the department, having been granted legal custody of a child, shall have the right to determine where and with whom the child shall live, provided that the child shall not be placed outside the state without the court's consent." I.C. § 16-1629(8). The magistrate court is not required to consider who [Doe] desires to be the adoptive parents of the minor child or adjudicate relationship. *See Idaho Dep't of Health and Welfare v. Hays*, 137 Idaho 233, 239, 46 P.3d 529, 535 (2002).

The district court did not err in its determination that the magistrate court was not required to consider Doe's desire for placement because, as stated above, Doe's consent to adoption is not absolute. Instead, her residual right is subject to the safeguards within the CPA, including Department and court approval. While Doe's claims are without merit, we note that the magistrate court was aware of her wishes at the time of entry of the amended permanency hearing order.

The amended permanency hearing order complied with all of the applicable statutory requirements. From the inception of the case, Doe stipulated to the Department having legal custody. Doe made no attempts to comply with the case plan and agreed that she had an unstable home environment. The Department complied with the statutory requirements for placement in this case. The magistrate court had jurisdiction to enter the amended permanency hearing order, and the Department had standing to petition for termination. Accordingly, the district court did not err in affirming the magistrate court's amended permanency hearing order.

## B. Other Challenged Intermediate Orders

On appeal, Doe challenges a number of intermediate orders of the magistrate court and the related rulings of the district court. First, Doe contends that the magistrate court erred in determining that the CPA case is the only case in which an adoption petition can be filed. Doe further contends that the district court erred in holding that there was no appealable order and, thus, it had no jurisdiction to consider the argument. Second, Doe contends that the magistrate court, without jurisdiction, ruled that pursuant to the UCCJEA, Idaho is the home state of Child

8

for purposes of adoption proceedings. Doe also asserts that the ruling is an appealable order. Third, Doe challenges the magistrate court's denial of her a motion to revoke the CPA adjudicatory decree. Among other things, Doe asserted that she could provide a stable home (through adoption) and, therefore, the magistrate court no longer had jurisdiction. Doe argues that the district court erred in holding that the order denying her motion to revoke the CPA adjudicatory decree is not an appealable order under I.C. § 16-1625(b) and (c). We agree with the district court that none of these rulings are appealable under I.C. § 16-1625. Therefore, we decline to address these issues further.

## C. Attorney Fees

An award of attorney fees may be granted under I.C. § 12-121 and Idaho Appellate Rule 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. An award of fees under I.C. § 12-117(1) requires finding that the nonprevailing party acted without reasonable basis in fact or law. Doe argues the UCCJEA determination resulted in the magistrate court finding that it was the only court in which an adoption proceeding could be filed and, thus, violated Doe's residual rights. Doe claims this finding is without a reasonable basis in fact or law because the UCCJEA does not govern adoptions, and the Department's vested custodial authority is subject to her right to consent to adoption. The Department asserts that Doe's arguments are without a reasonable basis in fact or law. As Doe is not the prevailing party she is not entitled to attorney fees.

### 1. Department's fees on appeal

The Department argues Doe pursued this case where the law is well-settled and therefore attorney fees under I.C. §§ 12-121, 12-117 are appropriate. An appeal is generally considered frivolous where it disputes factual findings by a trial court and simply seeks the reweighing of evidence. *Doe I v. Doe (2019-03)*, 166 Idaho 47, 57, 454 P.3d 1130, 1140 (2019). The Department's request for attorney fees is denied because of Doe's fundamental liberty interests at stake and her novel residual rights arguments.

### 2. GAL's attorney fees awarded by the district court

Doe contends that the district court abused its discretion in ordering sanctions. The district court ordered Doe's attorney to pay $300 for the GAL's attorney fees incident to Doe's two-day motion for extension of time. Doe contends she requested the extension in a timely manner

9

pursuant to I.A.R. 46 and 34(d). On the Friday her intermediate appellate brief was due, Doe filed a motion for a two-day extension of time, until the following Monday. The basis for Doe's motion for extension was so that counsel's legal assistant could finish the citation and the table of contents. After the death of his former legal assistant, counsel secured the services of another legal assistant and his brief, together with two others temporally related, were the legal assistant's first in many years. The following Monday, the GAL filed an objection and motion for sanctions. The GAL objected, in part, on the basis that Doe's counsel "could have undertaken the task of finalizing the brief himself"; the timing of the motion for extension demonstrated a "lack of diligence and preparation"; and a "concern" that the two-day extension (over a weekend) was a delay tactic.

Doe filed her brief on the day requested in the extension, which was the same day the GAL filed the objection. The district court granted Doe's request for a two-day extension "for good cause." Nevertheless, the district court also imposed sanctions, requiring Doe to pay the GAL's attorney $300 for fees related to objecting to the two-day extension of time.

Idaho Rule of Civil Procedure 83(m) authorizes a district court, on intermediate appeal, to sanction a party for a failure to timely take any step in the appellate process. Unless the district court's discretion granted under I.R.C.P. 83 "clearly appears to have been exercised unwisely and to have been manifestly abused," the sanction will not be overturned on appeal. *State ex rel. Goodwin v. Valentine*, 107 Idaho 1033, 1035, 695 P.2d 418, 420 (Ct. App. 1985).

Doe argues that the district court abused its discretion by failing to act consistently with the applicable legal standards and failed to reach its decision by an exercise of reason. First, Doe argues that the district court did not act consistently with the legal standards because I.R.C.P. 83(m) only allows a sanction for failure to comply with time limits. Doe asserts that the motion for extension of time was timely and, because the district court granted the motion for extension of time, there could be no sanction for untimeliness. In addition, Doe asserts that the district court did not reach its decision by an exercise of reason. Doe contends that there was no appreciable delay in the appellate process; the circumstances attendant to the preparation of the brief presented good cause for an extension (which the district court found); and the GAL, although taking considerable time and incurring attorney fees to file the motion for sanctions and dismissal, was not prejudiced by the filing of the brief on Monday and did not incur attorney fees attributable to the time of filing. We agree with Doe. Under these circumstances, sanctions were neither warranted nor consistent with reasons for sanctioning. Doe's request for an extension was timely

10

and, contrary to the GAL's stated objections, which were largely petty, the reasons for the extension were appropriate and did not evidence any intent to delay the proceedings, notwithstanding the GAL's "concerns" to the contrary. The district court's award of fees, as a sanction, from Doe's counsel to counsel for the GAL is reversed.

## IV.

## CONCLUSION

The district court did not err in affirming the magistrate court's amended permanency hearing order. We decline to address Doe's other claims. The district court abused its discretion in awarding fees to counsel for the GAL. Neither party is entitled to attorney fees on appeal. Accordingly, the judgment of the district court on intermediate appeal from the magistrate court is affirmed. The district court's order awarding fees to the GAL is reversed. Costs are awarded to the Department as the prevailing party.

Judge HUSKEY and Judge LORELLO **CONCUR**.